[No. 7960. Department Two. May 26, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPPI CIMINI, *Appellant*.[1]

CRIMINAL LAW—TRIAL—ARREST OF JUDGMENT. A motion in arrest of judgment can only be based on the grounds specified in Bal. Code, § 6967.

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—DISCRETION. Under Bal. Code, § 6902, providing that the court may permit a plea of guilty to be withdrawn, the court should liberally exercise its discretion in favor of life and liberty, but a refusal can only be reviewed for abuse of discretion, and it is not an abuse of discretion to refuse leave to withdraw a plea, asked on the ground that immunity had been promised accused by a detective, where that fact is controverted and it appears that the accused was informed of his rights, knew the effect of his plea, and the prosecuting witness had disappeared and his whereabouts were unknown.

CRIMINAL LAW—JUDGMENT—RECITALS—APPEAL. Recitals in an order refusing to withdraw a plea of guilty import absolute verity on appeal as to matters that transpired before the judge.

CRIMINAL LAW—TRIAL—INTERPRETERS. It is not error, on receiving a plea of guilty, to appoint a city police detective as an interpreter; especially where the accused speaks broken English, and it appears from his conversation with the judge that he knew what the charge was and the effect of his plea.

CRIMINAL LAW—APPEAL—HARMLESS ERROR. Upon an application to withdraw a plea of guilty, it is not prejudicial error to receive affidavits as to the guilt of the accused, as they are immaterial.

CRIMINAL LAW—APPEAL—REVIEW—MATTERS NOT BEFORE LOWER COURT. Upon appeal from an order refusing leave to withdraw a plea of guilty, entered in the court below when the prosecuting witness had disappeared, the supreme court cannot consider affidavits showing that the prosecuting witness had returned.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered November 21, 1908, upon a plea of guilty of robbery, after denying leave to withdraw the plea. Affirmed.

*Wesley Lloyd* and *Chas. E. George*, for appellant.

*John L. McMurray* and *A. O. Burmeister*, for respondent.

[1]Reported in 101 Pac. 891.

RUDKIN, C. J.—On the first day of June, 1908, the defendant was informed against in the superior court of Pierce county for the crime of robbery. On the same day he was arraigned before the court and entered a plea of guilty as charged. On the 8th day of June, 1908, leave was asked to withdraw the plea of guilty, on the ground that the defendant was induced to enter the plea by promises of immunity. The application was supported by his affidavit to the effect that he entered the plea because he was promised immunity from punishment by one James Milone, a police detective of the city of Tacoma, in case he should do so. The affidavit of the defendant was controverted by the affidavit of Milone, and on the 27th day of June, 1908, the application was denied, but the order denying the application was not signed or entered of record until November 21, 1908. On the 16th day of September, 1908, the defendant changed attorneys, and on the 18th day of September, 1908, a motion in arrest of judgment was interposed on the ground that no plea was ever entered, or if so, that it was so entered unwittingly, unknowingly, and under misapprehension. This motion was supported by the affidavit of the defendant and opposed by the affidavits of Milone and others. On the 21st day of November, 1908, the last-mentioned motion was denied, and on the same day judgment was entered on the plea of guilty. From this judgment, the present appeal is prosecuted.

It is a misnomer to call the second motion interposed by the appellant a motion in arrest of judgment, for under our statute, Bal. Code, § 6967 (P. C. § 2219), the only grounds for moving in arrest are the following:

"1. No legal authority in the grand jury to inquire into the offense charged, by reason of its not being within the jurisdiction of the court. 2. That the facts as stated in the indictment or information do not constitute a crime or misdemeanor."

It is manifest that the objections presented by this motion do not fall under either of these provisions. However, the

court below treated the motion in arrest as a renewal of the application to withdraw the plea, and this court will so consider it. If we did not take this liberal view of the question, the motion should be denied upon its face. The application to withdraw the plea was made under Bal. Code, § 6902 (P. C. § 2155), which provides that,

"At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

As the language of the statute implies, applications of this kind are addressed to the sound discretion of the trial court.

"It is wholly in the discretion of the court whether a plea of any sort may be withdrawn. Permission may always be granted, but unless an abuse of discretion is shown, the refusal of permission to withdraw a plea is not error." 12 Cyc. 350.

At the same time this discretion should be liberally exercised in favor of life and liberty. As said by the court in *People v. Miller*, 114 Cal. 10, 45 Pac. 986:

"Before judgment, the court may, at any time, permit this to be done (Pen. Code, § 1018), and the discretion thus vested is one to be liberally exercised. The law seeks no unfair advantage of a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is considerate in viewing the motives which may influence him to take one or another course. Therefore, it will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it. But the mere fact that a defendant, knowing his rights and the consequences of his act, hoped or believed, or was led by his counsel to hope or believe, that he would receive a shorter sentence or a milder punishment by pleading guilty than that which would fall to his lot after trial and conviction by jury, presents no ground for the exercise of this liberal discretion . . . To hold that it did would be equivalent to saying that a defendant might speculate

upon the supposed clemency of a judge, with a right to retract if, at any time before sentence, he began to think that his expectation would not be realized."

Guided by this rule, did the court below abuse its discretion? If the appellant entered his plea without hope or fear, without improper influence or promise, with full knowledge of his legal and constitutional rights and of the consequences of his act, the ruling of the court below should be affirmed. We deem it unnecessary to set forth in detail the affidavit filed in support of the motion in arrest. Suffice it to say, if that affidavit be true there was neither an arraignment nor a plea, for the conversation therein detailed is utterly foreign to such proceedings. But this affidavit was controverted by other affidavits and by the recitals of the trial judge as to what transpired at the time of the arraignment. The record shows that the court below,

"Became convinced that the said plea was entered by the said defendant with full knowledge and understanding of its effect and with full and complete knowledge of the crime with which he was charged, and with full and complete understanding of the defendant's constitutional rights under the law, and that the said plea was entered and made in good faith and not through any misapprehension or misunderstanding. And it appearing by said affidavits filed by the plaintiff that since the plea of guilty was entered by the defendant that the prosecuting witness in said case had disappeared and his whereabouts were unknown to the plaintiff, on the 21st day of November, 1908, the court entered an order overruling defendant's motion in arrest of judgment and allowed the defendant his exceptions."

In so far as these recitals relate to matters transpiring in the presence of the court they import absolute verity, and, in so far as they are based on extrinsic evidence, they are amply supported by the affidavits presented at the hearing. We will now refer to the different assignments of error in so far as they have not been foreshadowed by what has already been said.

It is contended that the court erred in appointing a police

detective of the city of Tacoma as interpreter at the time the arraignment was made. We know of no rule of law by which the detective was disqualified to act in that capacity by virtue of his office, and counsel has cited none. The court has found that the arraignment and plea were in all respects regular, and, in addition to what transpired between the court and the appellant through the interpreter, the record shows the following:

"That, however, before accepting said plea of guilty from the said defendant the court spoke to the defendant in English direct without an interpreter, and the defendant replied in broken English, and the court thereupon asked the said defendant in English if he was guilty of the crime charged in the information, and if he knew the effect of his entering a plea of guilty, and if he understood what he was doing. The said defendant thereupon replied in broken English substantially that he understood the effect of his plea, and knew what the court was saying to him, and that he committed the robbery alleged in the information. The court furthermore informed the defendant as to his rights to have counsel defend him without expense to himself, and fully informed him as to his rights under the law, both through the interpreter and direct. The defendant also stated to the court at said time of entering his plea of guilty, that he committed the offense while under the influence of liquor; that he was a married man and had a wife and family in Italy, and that he had committed the robbery in company with others. He also stated to the court that he had assisted in robbing a blind man who resided on "K" street in the city of Tacoma, Pierce county, Washington. That after the aforesaid conversation, and being satisfied that he knew the plea he was entering, and the full effect thereof, the court accepted the plea of guilty from the said defendant, and directed that the same should be entered."

Leaving the interpreter out of consideration, therefore, the record shows that the proceedings of the court were regular and proper.

It is next contended that the court erred in receiving or considering *ex parte* affidavits tending to show that the appellant was guilty of the crime charged. The question of

the guilt or innocence of the accused was not an issue on the hearing of the so-called motion in arrest of judgment. The sole question to be determined under the motion was whether the plea was entered, and if so, was it entered unwittingly, unknowingly, or under misapprehension. When these questions were determined against the accused his guilt was established by the most satisfactory evidence known to the law, a confession in open court. The affidavits referred to were therefore immaterial, and their filing or consideration, if error, was not prejudicial.

The court found that the prosecuting witness had left the jurisdiction of the court, and that his whereabouts were unknown at the time of the hearing, and this fact the court had a right to consider on the hearing of the application to withdraw the plea.

"When an application is made in a criminal case to recall a plea of guilty and to plead *de novo*, it is a matter addressed to the discretion of the court. This has always been the doctrine prevailing from the earliest times in this state. Any other rule would be replete with mischief. By its force a defendant could plead guilty, and then, after the witnesses on the part of the state had been discharged, could come into court, and claim as a right to take back his confession and guilt and put the state to its proof. Fortunately, such is not the practice. When the defendant in this case asked to plead anew, the application was addressed to the discretion of the court." *Clark v. State*, 57 N. J. L. 489, 31 Atl. 979.

The appellant filed an affidavit in this court before the hearing, stating that at the time the affidavits were filed in the court below the whereabouts of the prosecuting witness were unknown, and that search for him was made without avail, but that since that time the prosecuting witness has returned to the city of Tacoma and now resides there. This affidavit cannot be considered, as the cause must be heard here on the record made up in the court below. But in any event, the affidavit corroborates the affidavits filed by the state as to the absence of the prosecuting witness at the time

the application to withdraw the plea was heard, and if the order was justified then it is justified now. If regular and valid when made its validity cannot be made dependent on the migrations of the prosecuting witness. The court below carefully and judiciously safeguarded every right of the appellant, and its judgment is affirmed.

CROW, DUNBAR, MOUNT, and PARKER, JJ., concur.