[No. 16838.   Department One.   April 13, 1922.]

## THE STATE OF WASHINGTON, *Respondent,* v. WARD DANIELS *et al., Appellants.*[1]

LARCENY (1)—OFFENSES CONSTITUTING—STATUTES. Rem. Comp. Stat., § 2601, making it larceny to take, lead or drive away the property of another with intent to deprive the owner thereof, defines a distinct offense and is not superseded by Id., § 2601-1, providing that any one who intentionally takes or drives away any motor vehicle of another shall be deemed guilty of a felony; and the latter offense does not necessarily include the idea of theft.

HOMICIDE (268)—QUESTION FOR JURY—COMPLETION OF LARCENY BEFORE KILLING. In a prosecution for first degree murder, under Rem. Comp. Stat., § 2392, subdiv. 3, for the killing of a policeman while accused was engaged in the larceny of an automobile, whether the crime of larceny had been completed was properly left to the jury, where the accused had stolen the car at ten o'clock the night before, driven it six or seven miles, and left it and returned the next morning and were in the act of starting it, when the officer arrived and was shot and killed by one of their associates.

HOMICIDE (3½)—FIRST DEGREE—KILLING IN PERPETRATION OF LARCENY—CONTINUING OFFENSE. The offense of larceny is a continuing one, and possession of the stolen property after the crime constitutes a continuance of the offense, making the killing of an officer while accused was in the act of driving away a car, stolen the night before, murder in the first degree.

Appeal from a judgment of the superior court for King county, French, J., entered March 24, 1921, upon a trial and conviction of murder.   Affirmed.

*John F. Dore* and *Carl E. Croson,* for appellants.

*Malcolm Douglas, John D. Carmody,* and *E. I. Jones,* for respondent.

BRIDGES, J.—The information in this case charged the defendants with murder in the first degree, committed while they were unlawfully and feloniously engaged in the commission of the larceny of a certain

[1]Reported in 205 Pac. 1054.

automobile. They have appealed from a judgment of sentence entered on the verdict of guilty.

The facts controlling the questions presented on the appeal are as follows: About ten o'clock p. m. of January 13, 1921, the appellants, with another, stole a Cadillac automobile belonging to a Mrs. Sullivan, and which automobile was, at the time of the theft, standing in front of her residence in the city of Seattle. The automobile was at once driven to Magnolia Bluff Boulevard, some six or seven miles from the home of Mrs. Sullivan, and was there left beside the road. The appellants, together with their associate, then came into the city, where they spent the night at a hotel. The next morning they went to the place they had left the automobile, for the purpose of getting it and driving it away. They were in the act of starting the machine when certain police officers drove up and accosted them. During the altercation, the associate of the appellants shot and killed one of the officers, and was himself killed.

Section 2392, Rem. Code, reads as follows:

"The killing of a human being, unless it is excusable or justifiable, is murder in the first degree when committed either . . . (3) Without design to effect death, by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of, a robbery, rape, burglary, larceny or arson in the first degree; . . ." [Rem. Comp. Stat., § 2392.]

The first contention of the appellants is that the court erred in overruling their demurrer to the information. They contend that the taking of the automobile, as alleged in the information, was not a larceny under our statutes. It is argued that, in so far as automobiles are concerned, ch. 64, Laws of 1919, p. 131,

supersedes section 2601, Rem. Code (P. C. § 8944). The last named section reads as follows:

"Every person who, with intent to deprive or defraud the owner thereof—(1) Shall take, lead or drive away the property of another; . . . steals such property and shall be guilty of larceny." [Rem. Comp. Stat., § 2601.]

Section 1, ch. 64, Laws of 1919, p. 131, reads as follows:

"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, . . . shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony." [Rem. Comp. Stat., § 2601-1.]

These two statutes concern two distinct crimes. To make one guilty of larceny under § 2601, it must be shown that he took the property with intent to deprive or defraud the owner thereof; whereas, one may be guilty of the other offense by merely intentionally taking and driving away the vehicle without permission of the owner, the idea of theft not being necessarily connected with that offense. We are therefore of the opinion that the demurrer was properly overruled.

The appellants further argue that the testimony conclusively shows that, at the time of the killing, the larceny had been completed, and that they were not then engaged in the commission of that offense, as charged in the information. Whether the crime of larceny had been completed or was still being committed at the time of the killing is a question of fact,

and that fact was properly submitted to the jury by the court when it said that, in order to convict the defendants of the offense charged, the state is required to prove beyond a reasonable doubt that, at the time of the killing, the appellants were engaged in the commission of a larceny of the automobile in question, and that while they were so engaged the killing was done. Under no circumstances can it be said, as a matter of law, that, at the time of the killing, the act of larceny had been completed. The appellants had taken the automobile but a short distance from the place they stole it, and when the killing occurred they were in the act of taking it still farther away. The mere fact that a few hours intervened between the time the automobile was taken from in front of the owner's house and the time it was taken from the place where the appellants had left it, does not—and cannot —conclusively show that the crime had been completed. Under all the circumstances, therefore, it was proper for the court to submit to the jury the question whether the appellants were in the act of committing larceny of the automobile when the shooting occurred.

But there is still another reason why the position of appellants cannot be maintained. Under all the authorities, the crime of larceny is a continuing one. In 17 R. C. L., p. 45, it is said:

"It was early settled in England, however, that one stealing goods in one county of the realm might be indicted for the larceny in any other county into which he may have carried the stolen goods, upon this principle: That the possession of goods stolen by the thief is a larceny in every county into which he carries the goods, because, the legal possession still remaining in the true owner, every moment's continuance of the trespass and felony amounts, in legal consideration, to a new caption and asportation. The English com-

mon law rule has been universally adopted in this country.''

Clark & Marshall, Law of Crimes, p. 733, stated that:

''If a man steals property he commits a trespass, and he is guilty of a continuous trespass and asportation during every moment in which he retains possession.''

To the same effect see *State v. Sommerville*, 21 Me. 14; *State v. Trexler*, 4 N. C. 90, 6 Am. Dec. 558; Wharton's Criminal Law, p. 1390. See, also, *State v. Carroll*, 55 Wash. 588, 104 Pac. 814, 133 Am. St. 1047, where the court recognizes this principle.

We do not find any error; the judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.