[No. 25299. Department Two. December 7, 1934.]

THE STATE OF WASHINGTON, *Respondent,* v. GORDON PHILLIPS, *Appellant.*[1]

[1]Reported in 38 P. (2d) 372.

608

*Henry Clay Agnew*, for appellant.

*Robert M. Burgunder, Emmett G. Lenihan, Ben A. Maslan*, and *John D. MacGillivray*, for respondent.

MITCHELL, J.—By an information filed in cause No. 17248 in the superior court for King county on July 3, 1933, against Gordon Phillips, it was alleged that:

"He, the said Gordon Phillips, in the county of King, state of Washington, on or about the 21st day of April, 1933, wilfully, unlawfully, intentionally and feloniously did then and there take and drive away one motor vehicle, to-wit: an automobile, without the permission of George E. Paulson, the person lawfully entitled to the possession thereof."

Evidently, the information was drawn under Rem. Rev. Stat., § 2601-1 [P. C. § 240], against "Taking Motor Vehicle Without Permission," sometimes spoken of as the "Joy-ride" statute, and which provides that:

"Every person who shall without the permission of the owner or persons entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, . . ."

The trial of the case by jury resulted in a verdict of acquittal, as follows:

"We, the jury in the above entitled cause, do find the defendant, Gordon Phillips, not guilty of the crime of taking motor vehicle without permission of owner or person lawfully entitled to the possession thereof, as charged in the information."

Thereafter, the information in the present case was filed in the superior court for King county charging that:

"He, the said Gordon Phillips, in the county of King, state of Washington, on or about the 26th day

of June, 1933, with intent to deprive and defraud the owner thereof, wilfully, unlawfully and feloniously did then and there buy, sell, receive and aid in concealing and withholding the following described stolen property, to-wit: one automobile of the value of six hundred dollars ($600) in lawful money of the United States the property of the American Can Co., a corporation, and the said defendant, Gordon Phillips, then and there knowing said property to have been stolen."

This information was drawn under Rem. Rev. Stat., § 2601 [P. C. § 8944], defining larceny. It says:

"Every person who, with intent to deprive or defraud the owner thereof— . . .

"(5) . . . shall . . . buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, . . .

"Steals such property and shall be guilty of larceny."

On being arraigned, defendant pled "not guilty," and by and through his attorneys filed a written plea, as follows:

"Comes now Gordon Phillips, defendant in the above entitled cause and pleads that he has formerly been acquitted of the offense charged in the information by the judgment of the superior court of the state of Washington for King county rendered on the 18th day of November, 1933, in cause number 17248."

Thereafter, prior to or during the trial, on the plea of not guilty, nothing was done with respect to the written plea of former acquittal, although during all such time the defendant was represented by the same attorneys. The verdict of the jury in the trial upon this information was "guilty as charged." Judgment of guilt and sentence to a term in the penitentiary was duly entered.

Within thirty days thereafter, the defendant, hav-

ing dispensed with the services of his former attorneys, filed through his present attorney an application to vacate the judgment against him, on the ground of his mistake, inadvertence or excusable neglect in not presenting for trial his plea of former acquittal. The application was denied, and in the order entered it is recited:

"It appearing to the court that defendant was tried in cause No. 17248 with the crime of taking an automobile without permission of the owner, and was tried in this cause with grand larceny as shown by the information herein; and it appearing to the court that even conceding although not deciding that said charges were tried on the same evidence and were identical as a matter of fact, that even if such were the case that an inquiry in that regard is not necessary, in that such charges are not identical as a matter of law, and for the reason that had the plea of former jeopardy been called to the court's attention at the proper time or evidence thereof produced, neither of which was done, that the same would have been overruled as a matter of law."

The defendant has appealed.

On his behalf, it is said that the question in the case is:

"Does a trial judge, in his discretion, have the right to vacate a judgment in a criminal case where it is called to his attention that the defendant had previously been acquitted of the same offense, and in a case where the defendant had filed such a plea but, through neglect, had failed to properly bring the matter to the attention of the court?"

Before discussing the precise question thus presented by counsel, it may be well to consider to what the plea of former conviction or acquittal refers, just what is involved in it. There is no uncertainty about it. The state constitution, Art. 1, § 9, provides that no person shall be "twice put in jeopardy for

the same offense;'' it speaks of the *same offense*. The statute, Rem. Rev. Stat., § 2108 [P. C. § 9161] says:

''There are but three pleas to the indictment or information: A plea of,—
''(1)   Guilty;
''(2)   Not guilty;
''(3)   A former judgment of conviction or acquittal of the offense charged, which may be pleaded with or without the plea of not guilty.''

That is, as applied to the present prosecution, the plea of former acquittal, to be good, would have to relate to a former prosecution against the defendant of unlawfully buying, selling, receiving and aiding in concealing an automobile worth six hundred dollars, the property of the American Can Company, knowing the property to have been stolen, with intent to deprive or defraud the owner thereof, or its legal equivalent.

That the plea of former acquittal shall relate to the same offense, and is governed by that test, rather than to the facts or acts upon which the same is based, is also settled by the authorities in this and other states, construing constitutional and statutory provisions. In the case of *State v. Reiff,* 14 Wash. 664, 45 Pac. 318, it was held that an acquittal of larceny of property by fraudulently impersonating another did not constitute a bar to the charge of larceny of the same property by false pretenses. In that case, the court said:

''There is a distinction between twice placing a person in jeopardy 'for the same offense,' and a second prosecution of one for a separate and distinct offense based upon a different statute, the penalty prescribed for the violation of which is different from that imposed by the statute under which the first information was laid.

"A mere reference to §§ 53 and 234, *supra,* is sufficient to show the difference between the character of the offenses there defined. There are elements requisite to each which are not necessary to the other, and proof of the offense charged in either of the informations would not be sufficient to sustain a conviction under the other. To sustain the plea, the offenses must be identical both in fact and in law."

In *State v. Peck,* 146 Wash. 101, 261 Pac. 779, it was held, in effect, that the crime of bootlegging and the crime of unlawful transportation of liquor, though distinct crimes, might arise out of the same transaction; that "the test is not whether the defendant has already been tried for the same act, but is whether he has been once put in jeopardy for the same offense;" in *State v. Kingsbury,* 147 Wash. 426, 266 Pac. 174, it was held that the crime of being a jointist and the crime of having liquor in possession are not identical, as a matter of law, and that a conviction of being a jointist does not bar the prosecution for the crime of liquor in possession, although the two charges are based upon the same evidence; and in the case of *State v. Danhof,* 161 Wash. 441, 297 Pac. 195, it was held that an acquittal of one charged under one statute of unlawfully fishing for food fish with appliances other than a hook or line, without first having obtained a license so to do, did not constitute former jeopardy so as to bar a prosecution for unlawfully fishing for food fish in Snohomish river in violation of another statute, although the two prosecutions were based on the same evidence.

In other states, the rule is the same. A case very similar to the present one was considered in *Eastway v. State,* 189 Wis. 56, 206 N. W. 879, wherein, quoting from the syllabus, the holding was as follows:

"A prosecution for the larceny of an automobile is not a bar to a subsequent prosecution, based on the

same act or transaction, for taking, using, and operating the same automobile on a public highway without the owner's consent, in violation of sec. 343.18, Stats. 1925, such offense not being a lesser degree of larceny, but a distinct statutory offense."

Other authorities to the same effect are: *State v. Le Masters,* 36 Wyo. 241, 254 Pac. 120; *Punchard v. State,* 61 S. W. (2d) (Tex. Crim. App.) 495; *State v. Fink,* 186 Mo. 50, 84 S. W. 921; *State v. Wasinger,* 133 Kan. 154, 298 Pac. 763.

Having thus ascertained the meaning of the plea of former acquittal, as declared by the written law as construed by the courts, to the effect that it relates to an acquittal of the *offense charged,* wherein the plea is entered, we may consider the case from the standpoint of what is claimed on behalf of the appellant to be the question in the case. It is said on behalf of the appellant to be an appeal to the *discretion* of the trial judge to vacate a judgment of conviction where it is called to the attention of the trial judge that the defendant has been *previously acquitted of the same offense,* a plea to that effect having been filed, but overlooked by the defendant at the trial, on account of inadvertence and excusable neglect.

That, in our opinion, is not the question here. It erroneously takes for granted, or assumes, that the offense charged in the present prosecution in which the plea of former acquittal was interposed is the same offense as the one to which the plea of former acquittal refers. The test fixed by the statute is that the former acquittal shall be of the *same offense.* It speaks of the plea of a former judgment of conviction or acquittal of the *offense charged,* not some other offense, nor other kind of offense. If it shall be held, as we think it must, that the offense charged

in the present prosecution is not the same as that in the former one, then the discretion of the trial court is in no way involved; it is simply a case of inapplicability of the plea.

It is clear, in our opinion, from the terms of the informations and the faces of the statutes (Rem. Rev. Stat., §§ 2601 and 2601-1 [P. C. §§ 8944, 240]), that the alleged offense of which the appellant was acquitted was not the same as that involved in the later prosecution for which he has been convicted. It cannot be said that the crime defined in either of these statutes is included within that defined in the other statute. They are distinct, different kinds of crimes. It was so decided in *State v. Daniels,* 119 Wash. 557, 205 Pac. 1054. In that case, the defendants were charged, under § 2392 of the code, with the crime of murder in the first degree, committed while they were feloniously engaged in the commission of the larceny of a certain automobile. It became necessary, in deciding the case, to construe what are now Rem. Rev. Stat., §§ 2601 and 2601-1 [P. C. §§ 8944, 240], as to whether the latter in any way affected the other. Upon quoting the two statutes, it was said:

"These two statutes concern two distinct crimes. To make one guilty of larceny under § 2601, it must be shown that he took property with intent to deprive or defraud the owner thereof; whereas, one may be guilty of the other offense by merely intentionally taking and driving away the vehicle without permission of the owner, the idea of theft not being necessarily connected with that offense."

It follows that an acquittal of the offense charged under § 2601-1 is not a bar to a prosecution under § 2601, and that it must be so held, as a matter of law. Such was the opinion of the superior court from

whose order to that effect this appeal has been prosecuted.

Affirmed.

BEALS, C. J., HOLCOMB, STEINERT, and BLAKE, JJ., concur.

