[No. 27561. Department Two. August 4, 1939.]

THE STATE OF WASHINGTON, *Respondent*, v. FAY E. WOOD, *Appellant*.[1]

*Oscar A. Zabel*, for appellant.

*Ralph Smythe* and *Max Church*, for respondent.

MILLARD, J.—Defendant was charged by information with commission of the crime of making a false entry in a record of account. At that time, the defendant was represented by his attorney. He entered a plea of "guilty," but, subsequently and prior to pronouncement of sentence and entry of judgment, filed a petition for permission to change his plea of "guilty" to one of "not guilty." The petition was bottomed on the statute (Rem. Rev. Stat., § 2111 [P. C. § 9164]) which provides that, at any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted. The petition recites that defendant is innocent of the charges against him, that he did not appreciate the gravity of the charge preferred against him and did not understand

[1] Reported in 93 P. (2d) 294.

what his rights were at the time he entered a plea of guilty. In support of his petition the defendant filed the following affidavit:

"That I am the defendant in the above entitled action; that I was arrested on or about January 21, 1939, and lodged in the city jail in Port Angeles, Washington;

"That the defendant does now, and at all times since my arrest, has maintained his innocence of the charges in the Information;

"That shortly after defendant's arrest defendant was extremely upset from the shock of being accused of the charges and did not have full and clear possession of his mental faculties, and his mental state was hazy and befogged; that defendant was very much concerned about his wife's mental and physical condition, which was extremely bad prior to his arrest; that his wife was under doctor's care and that about Tuesday of said week prior to defendant's arrest the said wife was to have undergone a major operation, and she was at that time pronounced to be devoid of sufficient vitality and strength, by the physician, to undergo a serious, major, surgical operation; that the physician then prescribed that she be given medicines and rest in order that her constitution and strength could be improved so as to develop sufficient natural resistance to the shock and strain of a major operation; that defendant, at the time of his arrest, knowing the gravity of his wife's condition, and being fearful of the effect that the news of the defendant's arrest would have upon his wife in her predicament, became greatly confused and distressed, all of which prevented the defendant from realizing that he was being charged with being a criminal at heart and in mind; that defendant was confined to the jail until the Thursday following, on which day, for the first time he was permitted to glance at the charges made against him; that at said time, due to his distressed mental state, the confusion, the wife's illness, and his state of mind was such that in fairness to the defendant, affiant was in no mental condition to give an intelligent answer to the charges.

"That the defendant protested to the counsel that he was innocent of the charges; that under the above cir-

cumstances and a misunderstanding of his rights, his plea of 'guilty' was entered; that at the time of the entry of the plea of 'guilty' defendant was informed by counsel that he could later withdraw his plea of 'guilty' and enter a plea of 'not guilty.'

"That at the time of his plea the defendant did not fully understand the charges preferred and his rights under the law; that the defendant avers that he is innocent of the charges set out in the information, and is entitled to a jury trial in this connection;

"Affiant further states that he knowingly, made no false entry in the record required by law to be kept by the auditor of Clallam county, Washington."

The prosecuting attorney's affidavit, which was filed at the time of the hearing of the application of the defendant for permission to change his plea, reads as follows:

"That the defendant, Fay E. Wood, was examined by the prosecuting attorney's office January 14, 1939, and subsequently on the 21st day of January, 1939; at the time each examination was made the defendant was not under arrest, and was admittedly not acting under coercion, threats or inducement; that the information obtained at each examination was substantially the same;

"That after the second examination the defendant was placed in custody and confined in the jail; that from the time of his arrest on Saturday, January 21, until he entered his plea on the following Thursday, January 26, the prosecuting attorney's office, the sheriff's office, and all other law enforcement offices in the county were completely out of touch with the defendant and had no conversations with him of any kind; that the only person representing the state in this matter, who saw the defendant from the time of his arrest, was Mr. Bucsko, an inspector for the state highway patrol, to whom the defendant made the same statements he had made to the prosecuting attorney's office; that Mr. Bucsko saw the defendant but once and that on January 21; that the said visit was only for a few minutes;

"That the said defendant was immediately represented by counsel; that the prosecuting attorney's office gave written copies of the statement and confession of the defendant to the counsel for the defendant for his examination, and the full statement of the defendant was read by the counsel for the defendant; that the defendant's main complaint has been the matter of his punishment and not the question of whether he made a false entry or not; that the prosecuting attorney's office in consideration of the defendant's wife's illness, stipulated and agreed that the defendant could be released on bond pending the entrance of the sentence which was deferred solely for that reason;

"That some time subsequent to the 26th day of January, 1939, the defendant voluntarily came to affiant's office and told affiant he was satisfied that he had been given a square deal and that he hoped for leniency;

"That the nature of the offenses committed by the defendant were discussed by the prosecuting attorney and the defendant at the time of the last examination, and the said defendant was fully informed of the offenses to be charged;

"That on the day the defendant was arraigned, the information was first given personally to the defendant and read by him and then after he had thoroughly examined the same the defendant came into the courtroom and the information was reread to him by the prosecuting attorney;

"That the defendant was at that time and at all times from the time of his arrest represented by counsel."

The former counsel of the defendant also filed the following affidavit and notice of his withdrawal as counsel:

"Comes now W. F. Phillips, original counsel for defendant, and withdraws as such counsel, for the following reasons:

### I.

"Because I am not in accord with the action of withdrawing the plea of guilty filed herein.

## II.

"Because the defendant never challenged the facts on which the charge against him is based, though he did say 'That he did not feel guilty; that he did not feel like he was a criminal,' which was entirely immaterial. The law condemns certain acts as criminal, and it makes no difference whether a man who commits acts prohibited by law as criminal feels like he has violated the law or not.

## III.

"Because the statement in the affidavit in support of the motion to withdraw the plea of guilty 'That at the time of the entry of the plea of "guilty" defendant was informed by counsel that he could later withdraw his plea of "guilty" and enter a plea of "not guilty," ' is untrue, as he was specifically told the withdrawal of such plea was in the discretion of the court; that he could withdraw it with the consent of the court."

In answer to the affidavits of the prosecuting attorney and defendant's former counsel, the defendant filed the following counter-affidavit:

"I, FAY E. WOOD, the defendant in the above entitled action, being first duly sworn, on oath depose and state: That in reply to the affidavit of Ralph Smythe, prosecuting attorney for Clallam county, Washington, defendant denies that the 'main complaint has been the matter of his punishment and not the question of whether he made a false entry or not,' and further affiant avers and states that at all times he protested his innocence of the charges and that he was influenced and coerced and threatened with more serious charges if he did not plead guilty to the charge; that further the defendant affirms all of his statements made in his opening affidavit; affiant further admits that he went to the prosecutor's office, but denies that he told the prosecutor 'he was satisfied; that he had been given a square deal and that he hoped for leniency.' But states that from the prosecutor's standpoint the prosecutor may have been trying to give the defendant a break, in so far as the prosecutor understood the matter, but that affiant maintained his innocence of charges

at all times and denied the accusations; affiant further states that he was accused by the prosecutor, of being guilty of blackmail against the former treasurer of Clallam county, Walter A. Baar, and that the prosecutor threatened to charge him with this crime; that the defendant, under all of the circumstances, was induced and coerced as stated in this affidavit and his opening affidavit in his distressed, beclouded and confused mental condition to surrender his will so that he was led into entering a plea of 'guilty' to the charge against his real wishes and against his personal judgment, all of which caused him to enter a plea of 'guilty' involuntarily and under a mistaken belief that he was assisting his wife in her serious physical condition; that under all of the circumstances defendant was at a disadvantage in protecting his rights;

"That as stated by his previous counsel, affiant had stated 'that he did not feel guilty;' affiant now realizes that feeling as he did, he should not have pleaded guilty, and for that reason made application to the court for the change of plea to 'not guilty.'

"In answer to the statement by affidavit of defendant's former counsel, affiant states that as a layman, he understood that the change of plea from 'guilty' to 'not guilty' could be made as a matter of right, although he does not recall the exact words of his former attorney."

After argument thereon, the petition to withdraw the plea of "guilty" and substitute a plea of "not guilty" was denied by the court, which pronounced sentence and entered judgment on defendant's plea of guilty. Defendant appealed.

Counsel for appellant contends that the trial court abused its discretion in denying permission to appellant to substitute for his plea of "guilty" a plea of "not guilty," citing as sustaining authority *State v. McDowall,* 197 Wash. 323, 85 P. (2d) 660. In the case cited, we held that the trial court did not abuse its discretion in denying appellant's motion for leave to withdraw his plea of guilty to one of the counts

of the information and enter a plea of not guilty. We stated that the section (Rem. Rev. Stat., § 2111) of the statute authorizing the court to permit, at any time before judgment, the withdrawal of the plea of guilty and the substitution of another plea, is permissive and vests the court with authority, in the exercise of its sound discretion, to permit a change of plea; and that, as the matter of the withdrawal of a plea once entered rests peculiarly within the discretion of the court, a ruling made in the exercise of such discretion will not be reversed except for manifest abuse. In support of our holding that the appellant's assignment of error was without merit, we cited *State v. Cimini,* 53 Wash. 268, 101 Pac. 891.

In *State v. Cimini, supra,* we quoted with approval the following language from *People v. Miller,* 114 Cal. 10, 45 Pac. 986, and we have not since departed from the rule there enunciated:

" 'Before judgment, the court may, at any time, permit this to be done (Pen. Code, § 1018), and the discretion thus vested is one to be liberally exercised. The law seeks no unfair advantage of a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is considerate in viewing the motives which may influence him to take one or another course. Therefore, it will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it. But the mere fact that a defendant, knowing his rights and the consequences of his act, hoped or believed, or was led by his counsel to hope or believe, that he would receive a shorter sentence or a milder punishment by pleading guilty than that which would fall to his lot after trial and conviction by jury, presents no ground for the exercise of this liberal discretion. . . . To hold that

it did would be equivalent to saying that a defendant might speculate upon the supposed clemency of a judge, with a right to retract if, at any time before sentence, he began to think that his expectation would not be realized.' "

Did the appellant enter his plea of guilty without hope or fear, without improper influence or promise, with full knowledge of his legal and constitutional rights and of the consequences of his act? If so, the trial court's ruling should be affirmed. The affidavits in support of the application of the appellant are quoted above, as are also the affidavit of counsel who represented him at the time appellant entered his plea of guilty, and affidavit of the prosecuting attorney. It does not appear therefrom that appellant at any time challenged the facts on which he was charged with the crime of making a false entry in a record of account. He admitted that he did the thing which the statute defines as a crime. The fact that he "did not feel guilty," or that he did not realize "that he was being charged with being a criminal at heart and in mind," is not material, as it is not disputed that the charge in the information is true. There is no showing that he was subjected to coercion or duress to compel him to enter a plea of guilty. Appellant's counter-affidavit, filed five days after hearing on his petition, establishes the fact that he went to the office of the prosecuting attorney.

We are satisfied that the trial court was convinced that the plea of guilty was entered by the appellant with full knowledge and understanding of its effect, and with full and complete knowledge of the crime with which he was charged; that he fully understood his constitutional rights and entered the plea of guilty in good faith and not through misapprehension or misunderstanding.

Appellant's petition to withdraw his plea of guilty and substitute therefor a plea of not guilty was addressed to the sound discretion of the trial court.

"It is wholly in the discretion of the court whether a plea of any sort may be withdrawn. Permission may always be granted, but unless an abuse of discretion is shown, the refusal of permission to withdraw a plea is not error." 12 Cyc. 350.

There is no showing of abuse of discretion by the trial court; therefore, the judgment is affirmed.

· BLAKE, C. J., GERAGHTY, SIMPSON, and JEFFERS, JJ., concur.