[No. 36482. Department Two. October 31, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY STEPHEN NELSON, *Appellant*.*

*Reported in 386 P. (2d) 142.

*Lande & Eide* and *Donald A. Eide*, for appellant.

*Charles O. Carroll* and *James S. Munn*, for respondent.

HAMILTON, J.—Defendant stands convicted of taking a motor vehicle without permission of the owner or person entitled to possession thereof, a violation of RCW 9.54.020.[1]

Upon appeal defendant assigns error to the denial of his motion to dismiss at the conclusion of the state's case and to the trial court's refusal to give a proposed instruction.

Defendant's first assignment of error, the denial of his motion to dismiss, is without merit for two reasons.

First, defendant waived his motion. Upon denial of the motion, at the conclusion of the state's case in chief, defendant presented evidence upon his own behalf. He did not renew his motion at the close of all of the evidence. He cannot now predicate error upon the trial court's denial of such motion. *State v. Goldstein,* 58 Wn. (2d) 155, 361 P. (2d) 639; *State v. Thomas,* 52 Wn. (2d) 255, 324 P. (2d) 821; *State v. Bates,* 52 Wn. (2d) 207, 324 P. (2d) 810; *State v. Emmanuel,* 42 Wn. (2d) 799, 259 P. (2d) 845; *State v. Dildine,* 41 Wn. (2d) 614, 250 P. (2d) 951.

Second, the motion was properly denied by the trial court. The basis of defendant's challenge to the sufficiency of the state's evidence was that the state, in not producing evidence of ownership and lack of permissive use through the testimony of the legal or registered owner of the vehicle taken, had failed to establish an essential element of the crime charged. The state did, however, introduce the testimony of a Mr. Dunham, who testified that he had agreed

---

[1]"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony." RCW 9.54.020.

to purchase the automobile in question from his employer, a Mr. Crotty; that he was to pay for the car at a later date; that he had the keys, was entitled to possession, and had custody of the vehicle; and that he had never given defendant permission to take the vehicle.

RCW 9.01.010 defines an owner, within the contemplation of the criminal code, as follows:

"(16) Any person shall be deemed an 'owner' of any property who has a general or special property in the whole or any part thereof, or lawful possession thereof, either actual or constructive."

RCW 9.54.020, defining the offense here involved, provides, *inter alia*:

"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile . . . the property of another, . . ."

■ The offense of taking another's automobile without permission is similar to the crime of larceny, in the sense that both offenses involve the wrongful taking of another's property. It is, however, a separate statutory offense, distinguishable from larceny. *State v. Daniels*, 119 Wash. 557, 205 Pac. 1054; *State v. Phillips*, 179 Wash. 607, 38 P. (2d) 372; *In re Arquette v. Schneckloth*, 56 Wn. (2d) 178, 351 P. (2d) 921. The gist of larceny is wrongful taking with an intent to permanently deprive another of his property. The gist of the statutory offense is the intentional taking or driving away of the automobile of another without permission. Intent to permanently deprive is not an element.

■ This state, in company with others throughout the nation, enacted the "joy riding" statute, as it has been called, to avoid the necessity of proving a larcenous taking. Proof of title or ownership of the property unlawfully taken is not an essential ingredient in the prima facie establishment of the crime of larceny. *State v. Holt*, 52 Wn. (2d) 195, 324 P. (2d) 793. Likewise, the title or specific ownership of a wrongfully taken automobile is not, by the statute or by judicial decision, made an essential factor in the prima facie establishment of the "joy riding" offense. *State v.*

*Shoemaker*, 96 Ohio St. 570, 117 N. E. 958. It is sufficient to show that the automobile taken did not belong to the appropriator, and that it was intentionally taken from and without permission of the person entitled to its possession at the time of the taking. Ownership, right to possession, or permission to use by the accused may be asserted as a defense.

In the instant case, the testimony of Mr. Dunham, accepted as true, established his custody and possession of the automobile at the time of its taking, and defendant's impermissive use. It supports the trial court's denial of defendant's motion.

Defendant's second assignment of error is directed to the trial court's refusal to give a proposed instruction. The purport of the instruction was that because the state failed to call the legal or registered owner of the vehicle, the jury could assume the testimony of such a witness would be adverse to the state. There was no evidence indicating that anyone other than Mr. Crotty was the legal or registered owner of the vehicle.

The assignment of error is without merit.

The defendant recalled Mr. Dunham, as a defense witness, to show he had not, after the taking of the vehicle by the defendant, completed his purchase arrangement with Mr. Crotty, and that he was not and never had been the legal or registered owner of the vehicle. The state produced Mr. Crotty as a rebuttal witness. The defendant objected to his testifying upon the ground that his testimony would be improper rebuttal. The trial court sustained defendant's objection. As we have heretofore indicated, the testimony of the legal or registered owner was not an essential ingredient of the state's case in chief.

In *State v. Baker*, 56 Wn. (2d) 846, 859, 355 P. (2d) 806, we said:

"The inference that witnesses available to a party and not called would have testified adversely to such party arises only where, under all the circumstances of the case, such unexplained failure to call the witnesses creates a suspicion that there has been a willful attempt to withhold

competent testimony. *Wright v. Safeway Stores, Inc.,* 7 Wn. (2d) 341, 109 P. (2d) 542 (1941), 135 A.L.R. 1367. . . ."

In the instant case, the circumstances do not create the necessary suspicion that the state was wilfully withholding competent testimony. The trial court did not err in refusing to give the proposed instruction.

The judgment is affirmed.

OTT, C. J., FINLEY, and WEAVER, JJ., and DAWSON, J. Pro Tem., concur.

*Reported in 386 P. (2d) 137.