[Nos. 37837, 38031. Department One. December 22, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. GARDIE L. SAYLORS, *Appellant.*

*In the Matter of the Application for a Writ of Habeas Corpus of* GARDIE L. SAYLORS, *Petitioner*, v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.**

*Reported in 422 P.2d 477.

8

*Fred Floch* (appointed counsel for appeal) and *Gardie L. Saylors,* pro se, for appellant.

*R. E. Young* and *Stephen C. Way,* for respondent.

PER CURIAM.—Gardie Saylors, on the 29th day of November, 1960, entered a plea of guilty in the Superior Court of the State of Washington for Okanogan County to the charge of "Taking a Motor Vehicle Without the Permission of the Owner," and a judgment of conviction was entered Through his attorney, he applied for probation, which was granted—the probationary period being 2 years—and the imposition of sentence was deferred until the further order of the court under the provisions of RCW 9.95.200 *et seq.*

Following the filing of a similar charge against him in Chelan County in March, 1961,[1] Mr. Saylors' probation was revoked on July 26, 1961, after a hearing the previous day. He was sentenced to the penitentiary on July 27, 1961, for a period of not more than 10 years.

In response to an application for a writ of habeas corpus, this court, being in some doubt as to the regularity of the sentencing procedure, directed that the judgment and sentence be vacated and that Mr. Saylors be returned to Okanogan County for the entry of a new judgment and sentence nunc pro tunc as of July 27, 1961.

On his return to Okanogan County, pursuant to our order and before the entry of the new judgment and sentence, Mr. Saylors on July 13, 1964, asked for permission to withdraw his plea of guilty and to enter a plea of not guilty. This was followed by a formal written motion by his coun-

---

[1] Mr. Saylors subsequently pleaded guilty to that charge, and was found guilty thereof by the Superior Court of the State of Washington for Chelan County. Judgment and sentence were entered on June 21, 1961.

sel. There was a hearing on this motion (July 22, 1964), going into Mr. Saylors' allegations that his plea of guilty resulted from coercion or improper inducements and his further allegations that the statements made to the court at the time he entered his plea of guilty were equivocal and subject to the interpretation that he had a good defense.

After the hearing, the trial court refused to permit the plea of guilty to be withdrawn, and entered the new judgment and sentence on July 22, 1964, nunc pro tunc as of July 27, 1961.

From this judgment and sentence Mr. Saylors has appealed; he also has filed another application for a writ of habeas corpus. As the appeal and the application for the writ raise substantially the same issues, they were consolidated for hearing in this court.

■ It is, of course, recognized that a plea of guilty precludes an appeal except as to collateral questions such as the validity of the statute violated, the sufficiency of the information, the jurisdiction of the court, or the circumstances under which the plea was made. *State ex rel. Fisher v. Bowman,* 57 Wn.2d 535, 358 P.2d 316 (1961); *State v. Rose,* 42 Wn.2d 509, 256 P.2d 493 (1953).

At any time before judgment, the court may permit the plea of guilty to be withdrawn, and other plea or pleas substituted. RCW 10.40.175

■ The request of Mr. Saylors, to change his plea of guilty to not guilty, was made before the entry of the new judgment and sentence (July 22, 1964), and the appeal from that judgment brings before this court for review the order denying his motion to withdraw his plea of guilty. *State v. Rose, supra.*

■ It has long been the rule in this state that if a plea of guilty is entered intelligently, understandingly, and without equivocation, as well as without inducement or coercion, the permission to withdraw that plea rests within the sound discretion of the trial court; and while motions of this kind are to be exercised liberally in favor of life and liberty, we will reverse the ruling of the trial court on such

a motion only on a showing that there has been an abuse of discretion. *State v. Harris,* 57 Wn.2d 383, 357 P.2d 719 (1960); *State v. Jessing,* 44 Wn.2d 458, 268 P.2d 639 (1954); *State v. Rose, supra; State v. Wood,* 200 Wash. 37, 93 P.2d 294 (1939); *State v. Salmeier,* 148 Wash. 627, 269 Pac. 798 (1928); *State v. Cimini,* 53 Wash. 268, 101 Pac. 891 (1909).

The record of the hearing at the time plea was entered (November 29, 1960) and on the motion to withdraw it (July 22, 1964) is completely void of anything that smacks of coercion or inducement. The statements at the latter hearing by his then counsel at the time the plea was entered, establish that Mr. Saylors' plea of guilty was intelligently and understandingly made; his own testimony that the car which he had taken had "Police, City of Pateros" on both doors, precluded the idea of any meritorious defense. There was no abuse of discretion in the court's refusal to permit the requested change of plea, made for the first time more than 44 months after it was entered. The new nunc pro tunc judgment and sentence were properly entered on July 22, 1964.

Mr. Saylors also raises certain issues relative to the constitutionality of the statutes under which he was prosecuted (RCW 9.54.020) and sentenced (RCW 9.92.010), which have been heretofore decided against him.

He urges that RCW 9.54.020, under which he was charged, deprives him of his constitutional right to equal protection of the law since it makes taking a motor vehicle without the permission of the owner a felony; and RCW 9.61.040(8) makes the driving away of an automobile without authority a misdemeanor, thus enabling a prosecuting attorney to choose whether he will prosecute for a felony or misdemeanor for the same offense.

In *In re Walder v. Belnap,* 51 Wn.2d 99, 316 P.2d 119 (1957), we disposed of the same contention, holding that RCW 9.61.040(8) had been repealed by implication insofar as it pertains to the taking of an automobile. See also *State v. Leckband,* 52 Wn. 2d 898, 324 P.2d 254 (1958); *State v. Phillips,* 179 Wash. 607, 38 P. 2d 372 (1934); *State v. Daniels,* 119 Wash. 557, 205 Pac. 1054 (1922).

■ Mr. Saylors also contends that RCW 9.92.010, which fixes the maximum penalty for convictions under RCW 9.54.020, violates the equal protection clause of the fourteenth amendment, United States Constitution, because it provides for punishment by imprisonment for 10 years, or by a fine of not more than $5,000 or both. In *State v. Boggs,* 57 Wn.2d 484, 358 P.2d 124 (1961), we held that statutes which provide for alternative punishments of fine or imprisonment upon conviction of a crime do not violate the equal protection clause of the United States Constitution or the privileges and immunities clause of the state constitution. See also *State v. Kanistanaux,* 68 Wn.2d 652, 414 P.2d 784 (1966); *State v. Harvey,* 57 Wn.2d 295, 356 P.2d 726 (1960); *In re Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956); *In re Daloia v. Rhay,* 252 F.2d 768 (1958); *In re Davis v. Rhay,* 156 F. Supp. 114 (1957).

It is also argued that RCW 9.54.020 is unconstitutional because it is in conflict with RCW 9.54.010 (grand larceny). The former provides a 10-year maximum, the latter a 15-year maximum.

■ We can admire the adherence to principle that makes a man prefer a 15-year maximum sentence under what he considers a constitutional statute, to a 10-year maximum under one which he believes to be unconstitutional. However, we hasten to assure him that RCW 9.54.020 does not conflict with 9.54.010, and that it is constitutional. We have heretofore pointed out that larceny is not essential to an offense under RCW 9.54.020 (taking a motor vehicle without permission); *State v. Nelson,* 63 Wn.2d 188, 386 P.2d 142 (1963); *State v. Daniels, supra;* and that taking an automobile without the permission of the owner is different than larceny. *In re Arquette v. Schneckloth,* 56 Wn.2d 178, 351 P.2d 921 (1960).

The judgment and sentence appealed from is affirmed; the application for the writ of habeas corpus is denied.