THE STATE OF WASHINGTON, *Respondent*, v. HENRY JAMERSON, *Appellant*.*

*Richard I. Sindell*, for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Edmund P. Allen*, for respondent.

WIEHL, J.†—The appellant was charged with, and found guilty by a jury of the crime of taking and riding in a motor vehicle without the permission of the owner.

Appellant was arrested on January 19, 1967 at approximately 10:55 p.m. while driving an automobile which had

*Reported in 443 P.2d 654.

†Judge Wiehl is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

been reported stolen that morning by James David Pond, its co-owner who was in possession of it at the time it disappeared. The automobile was jointly owned by James Pond and his father. James Pond testified, however, that he drove the car 100 per cent of the time and that his father never had taken or driven the car. James Pond further testified that he had not given permission to the appellant or anyone else to use the car. The father did not testify. No one saw the car taken from where James Pond had parked the evening before.

A police officer testified that appellant told him that he (appellant) and one Robert Turner had stolen the car. The appellant testified at the trial that he at first told the police a false story about his having paid one James Akers $5.00 to use the car and that in reality he did not know such a person. On the other hand, appellant's foster mother stated that the appellant was at her home at the time the car was alleged to have originally been taken. The appellant also testified that he did not originally take the car or even know that it was stolen, and denied making a confession to the police. He did, however, testify that the first time he saw the car was when he was walking down the street and that he was the one who just got behind the wheel, asked no one where the car came from, and did not look for any registration. It is undisputed that appellant managed to start the auto without the benefit of keys.

No testimony or evidence was given at the trial from which it could reasonably be concluded or inferred that the appellant had permission from anyone, let alone the owner or a person entitled to possession, to use the car. The undisputed evidence in the case indicated that the automobile did not belong to the appellant and that he intentionally drove it without permission of the true owner or one entitled to possession. Although he took the witness stand, appellant did not claim ownership, right to possession or permission to use the automobile. The only evidence from which anyone could reasonably conclude that appellant had permission to drive the car was his story to the police and to one Richard Owens, a passenger in the car when

he was arrested, that he obtained possession from one James Akers. This story not only proved to be false but was admitted to be false by the appellant.

The following issues are raised by the appellant's assignments of error: (1) Whether the trial court's instruction No. 6 contained a comment on the evidence, and; (2) Whether the court's instruction No. 8 on circumstantial evidence was incomplete in not including the qualification that to support a conviction, circumstantial evidence must negative every reasonable hypothesis except that of guilt as proposed by appellant's proposed instruction Nos. 1 and 6.

The trial court's instruction No. 6[1], while not one to be copied or used as a pattern for further instructions was not erroneous when construed along with the court's instruction No. 3, defining the elements of the crime that had to be proved, and instruction No. 5, defining the crime, and instruction No. 11, stating that the court cannot and does not intentionally comment on the facts. Each instruction must be considered in light of all other instructions given, and it is presumed that a jury reads and follows the court's instructions as a composite whole. *State v. Willis,* 67 Wn.2d 681, 409 P.2d 669 (1966); *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962).

Furthermore, a reading of instruction No. 6 makes it clear that the court is discussing the evidence required to show knowledge that the car was stolen. In order to reach the element of knowledge, a hypothetical assumption that the vehicle was in fact stolen must necessarily be made. In other words, if the jury failed to find that the car was stolen it would not be necessary for them to consider the element of knowledge, or instruction No. 6. The instruction did no

---

[1] "You are instructed that the knowledge required of a defendant that the automobile or motor vehicle he was driving, or riding within, was unlawfully taken and driven away without permission of the owner or person entitled to possession thereof, need not necessarily be that actual and positive knowledge which is acquired from personal observation of the theft. It is sufficient if the circumstances were such as to make the defendant believe at any time he was driving the stolen automobile, or riding within, that the said automobile was stolen."

more than make such an assumption and when construed along with the other instructions could not possibly have misled the jury into believing that the trial court commented on the facts.

■ Instruction No. 8, given by the trial court, is certainly correct as far as it goes. The appellant, however, contends it does not go far enough and cites *State v. Douglas,* 71 Wn.2d 303, 428 P.2d 535 (1967). The appellant was charged under the so-called "joy riding" statute, RCW 9.54-.020,[2] under which a prima facie case is established when the state proves that the automobile taken did not belong to the appropriator, and that it was intentionally taken without permission of the owner or person entitled to possession. *State v. Nelson,* 63 Wn.2d 188, 386 P.2d 142 (1963). It is not necessary to prove a larcenous taking. As stated in *State v. Nelson, supra,* at 190:

> The gist of the statutory offense is the intentional taking or driving away of the automobile of another without permission. Intent to permanently deprive is not an element.

*State v. Douglas, supra,* was a case based entirely on circumstantial evidence and merely holds that the requested instruction should be given where circumstantial evidence is relied on to sustain a conviction. The *Douglas* case was preceded by *State v. Studebaker,* 67 Wn.2d 980, 986, 410 P.2d 913 (1966), wherein the court in affirming the trial court's refusal to give such an instruction said:

> This type of instruction is properly given in cases where there is circumstantial evidence and inconsistent inferences of the defendant's guilt or innocence *may reasonably be drawn* therefrom. (Italics ours.)

---

[2]"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony."

In the *Douglas* case, *supra,* the defendant was charged with grand larceny and the *only* evidence of the larceny was the possession by the defendant coupled with his story of how he got possession, which story could not be checked or rebutted. From these circumstances the jury could reasonably accept one of three hypotheses, two of which could lead to a verdict of guilty and one to a verdict of not guilty. The instruction, therefore, was properly given.

Such a case is not now before us. Here, we have not only the appellant's confession, but also his testimony at the trial which in, and of itself, supports appellant's conviction. The appellant, though not required to do so, took the witness stand to tell the jury about the facts. Although he denied participation in the original taking, he did admit the subsequent taking of the car from the street without asking anyone where it came from. Nor did he offer any explanation from which anyone could conclude or infer his right to possession of the car or permission to use the same. We stated in *State v. Nelson, supra,* at 191 that "[o]wnership, right to possession, or permission to use by the accused may be asserted as a defense." In the present case, no such assertion was made by anyone.

██ The facts of this case, if accepted as true, suggest but one inference—that of guilt. They admit of no reasonable hypothesis or theory of innocence, and therefore, it was not error to refuse the requested instruction. While the instruction is proper in a case in which there is circumstantial evidence admitting of several hypotheses, at least one of which indicates innocence, it need not be given where it finds no support in the evidence. An instruction not warranted by the evidence need not be given. *State v. Hopkins,* 71 Wn.2d 10, 426 P.2d 496 (1967).

The trial court committed no error in failing to give appellant's instructions. The judgment is affirmed.

WEAVER, HUNTER, HALE, and McGOVERN, JJ., concur.