290

[No. 2010-2. Division Two. October 7, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. ALLEN CLARK HUTCHINSON, *Appellant*.

*Robert Peck*, for appellant (appointed counsel for appeal).

*Curtis M. Janhunen, Prosecuting Attorney*, and *George N. Bowden, Deputy*, for respondent.

COCHRAN, J.*—The defendant was charged by information with voluntarily riding in an automobile with knowledge of the fact that the vehicle was unlawfully taken in violation of RCW 9.54.020.

The evidence established that on March 14, 1975, a 1966 Volkswagen belonging to Ann Topping was stolen from a Seattle parking lot. Early the next morning this same vehicle was stopped by two Aberdeen policemen for going the wrong way on a one-way street. The defendant was a passenger. At this time the police did not know the automobile had been stolen, but they learned that evening that it had

---

*Judge John D. Cochran is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

been and impounded the vehicle. Two days later, March 17, the defendant was arrested and booked at the Grays Harbor County jail, where two tools were found on his person. An expert testified that the tools could be used to start a car without a key and that they were particularly suitable for that purpose. Over defendant's objection, the tools were admitted in evidence. Defendant assigns error to the admission of the tools, contending they were not relevant to the crime charged. We disagree.

■ A logical relation existed between the tools and the fact ultimately to be established, *i.e.*, that the defendant knowingly rode in a stolen vehicle. The testimony was that there was no key in the vehicle and the inference is that it was started in some manner not requiring a key. The tools in defendant's possession were relevant in establishing to the jury's satisfaction that defendant knew the vehicle was stolen. The test of relevancy was met as set forth in *Bartlett v. Hantover*, 84 Wn.2d 426, 526 P.2d 1217 (1974); *State v. Wilson*, 38 Wn.2d 593, 231 P.2d 288 (1951); and *Keisel v. Bredick*, 192 Wash. 665, 74 P.2d 473 (1937).

■ ■ The defendant also challenges the constitutionality of RCW 9.54.020 as not being within the police power of the State. To be valid, a police measure must be reasonably suitable for and appropriate to the attainment of such ends as legitimately fall within the police power. It must reasonably tend to correct some evil or promote some interest of the State. If it is to achieve a legitimate end by reasonable means, it will be sustained. It must pass the judicial test of reasonableness. *State v. Conifer Enterprises, Inc.*, 82 Wn.2d 94, 508 P.2d 149 (1973); *County of Spokane v. Valu-Mart, Inc.*, 69 Wn.2d 712, 419 P.2d 993 (1966); *State v. Spino*, 61 Wn.2d 246, 377 P.2d 868 (1963).

The statute in question is reasonable. It protects the rights of owners of vehicles. It renders unlawful that conduct which tends to knowingly disregard the rights of such owners. It promotes the peace, good order, and welfare of the people. It is not unconstitutional.

*See also State v. Saylors*, 70 Wn.2d 7, 422 P.2d 477 (1966)

holding, without comment, that the statute in question is constitutional.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied November 10, 1976.

Review denied by Supreme Court May 3, 1977.