46 P.3d 832 (2002)
111 Wash.App. 875
STATE of Washington, Respondent,
v.
James L. GAUT, Appellant.
No. 19561-9-III.
Court of Appeals of Washington, Division 3, Panel Six.
May 23, 2002.
*833 Janet G. Gemberling, Spokane, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, III, Deputy Prosecuting Attorneys, Spokane, for Respondent.
SWEENEY, J.
This is an appeal from an order denying a motion to withdraw a plea. The standard governing our review is abuse of discretion. But the assignments of error and argument set out in James Gaut's brief have nothing to do with the denial of his motion to withdraw the plea. They focus instead on the underlying and unappealed judgment and sentence. And the time for direct appeal on both has long since run. We therefore dismiss the appeal.

FACTS
James L. Gaut pleaded guilty to one count of first degree child rape and one count of first degree child molestation. The victims were his 8- to 10-year-old daughter and 8-to 9-year-old stepdaughter. As part of the plea agreement, the State dropped two other charges and recommended 220 months of a 209- to 270-month standard range for the child rape, to run concurrently with 171 months for the molestation. A week after offering the plea, the State threatened to withdraw it unless Mr. Gaut accepted in time to spare the children the impending ordeal of evidentiary blood draws. Mr. Gaut accepted the offer.
At the plea hearing on April 11, 2000, the court established, on the record, both the basis and voluntariness of his plea before accepting it. Mr. Gaut signed the statement on plea of guilty in open court, in the presence of his counsel and the judge.
The court described the trial rights being waived and then told Mr. Gaut:
If it's your choice to plead guilty, you must give up those rights.
Do you understand ... ?
THE DEFENDANT: Yes.
THE COURT: Are you prepared to give up those rights?
THE DEFENDANT: Yes.
Report of Proceedings (RP) (Apr. 11, 2000) at 2-3. The court then told Mr. Gaut that if new criminal history was discovered, "even so your plea of guilty of these charges is binding on you. You cannot change your mind." RP (Apr. 11, 2000) at 3. The court asked if any promise had been conveyed to secure the plea of guilty:
THE DEFENDANT: No.
THE COURT: ... any threat ... to secure the plea of guilty that you're making today?
THE DEFENDANT: No.
THE COURT: Are you making these pleas of your own free will?
THE DEFENDANT: Yes.
RP (Apr. 11, 2000) at 4-5. The court asked Mr. Gaut if he had "gone over all of this" with his counsel; Mr. Gaut answered, "Yes." RP (Apr. 11, 2000) at 7. Again, the court asked:
Has there been any ... promise or recommendation... that's making you plead guilty today?
THE DEFENDANT: No.
THE COURT: Okay. Why are you pleading guilty?
THE DEFENDANT: To save my family from any sort of trial.
RP (Apr. 11, 2000) at 7. Finally, the court said, "I find those facts justify accepting the pleas, that Mr. Gaut has been advised of his rights, the nature of the charges, the consequences of pleading guilty. He's chosen to waive his rights and enter pleas of guilty to these charges." RP (Apr. 11, 2000) at 8.
Both the information and Mr. Gaut's statement on plea of guilty set out the charges and the elements of the crimes charged. Mr. Gaut adopted the police reports and the prosecution's statement of probable cause as his statement of the factual basis for the plea. The statement on plea of guilty contains the consequences of the plea, including the correct standard range sentences, and the State's recommendation of 220 and 171 *834 months. The statement is signed by Mr. Gaut and his counsel acknowledging that he read it, discussed it, and understood it.
The court sentenced him on May 23, 2000. His lawyer asked for a low-end sentence because Mr. Gaut had turned himself in and "stated to me from day one this was a case that he would never take to trial, he would take whatever deal could be worked out because he certainly wasn't going to put his children through the trauma, or his wife through the trauma, of reliving this through trial." RP (May 23, 2000) at 6. The court noted that plea negotiations were extensive and imposed the recommended standard range sentence. The judgment and sentence were filed May 23, 2000. Mr. Gaut did not appeal the judgment or sentence, and the 30-day appeal period expired.
But on June 28, still represented by his appointed trial counsel, he moved to withdraw his guilty plea pursuant to CrR 4.2(f) (withdrawal of plea before entry of judgment to correct manifest injustice). On August 3, the same judge who had sentenced Mr. Gaut heard argument on the motion. Mr. Gaut complained that the person preparing the presentence report had not spent enough time with his witnesses. Counsel rested on his trial brief for the other two issues  that Mr. Gaut had felt pressured by the involvement of Child Protective Services and also by the State's deadline for accepting the plea offer. The court found no good cause to withdraw the plea and denied the motion. Mr. Gaut appeals that order.
Appointed appellate counsel concluded that the trial judge had not abused his discretion by denying the motion to withdraw and filed an Anders[1] brief. Mr. Gaut filed a pro se brief assigning various errors to the underlying judgment and the conduct of the plea hearing. Following an independent review of the record, a commissioner of this court found arguable issues in Mr. Gaut's pro se brief and remanded for appointment of new counsel.

MR. GAUT'S ASSIGNMENTS OF ERROR ON APPEAL
Mr. Gaut's assignments of error here ignore the order appealed from (the denial of his motion to withdraw his plea). He asserts instead numerous deficiencies in the record of the plea hearing underlying the judgment of conviction.
He contends that a defendant who pleads guilty is allowed to appeal the circumstances under which a plea is made. In re Pers. Restraint of Keene, 95 Wash.2d 203, 205, 622 P.2d 360 (1980). And he urges us to review the issues he now raises for the first time in this appeal because they involve manifest error affecting a constitutional right. RAP 2.5(a)(3); State v. Acevedo, 137 Wash.2d 179, 192, 970 P.2d 299 (1999).
Mr. Gaut makes two primary contentions. First, that the transcript of the plea hearing shows that the court never said the particular words, "how do you plead," and he did not formally say, "I plead guilty." He denies that any procedurally effective plea was, therefore, entered. Next he argues that the court's oral colloquy in general failed to establish the constitutional validity of his plea.
The State describes Mr. Gaut's appeal an attempted end-run around the time restrictions for direct appeal of a conviction based on a guilty plea. It notes that the time for direct appeal has run. RAP 5.2 (30 days). The only review possible, therefore, is by way of some form of collateral attack on the judgment.
We begin with a statement of a well-settled rulea plea of guilty waives the right to appeal from a finding of guilt and the sentence based on that finding of guilt. State v. Majors, 94 Wash.2d 354, 355, 616 P.2d 1237 (1980). A guilty plea does not, however, preclude appeal of collateral questions, such as the validity of the statute, the sufficiency of the information, the jurisdiction of the court, or the circumstances under which the plea was made. Id. at 356, 616 P.2d 1237; Young v. Konz, 91 Wash.2d 532, 536, 588 P.2d 1360 (1979); State v. Saylors, 70 Wash.2d 7, 9, 422 P.2d 477 (1966); State *835 ex rel. Fisher v. Bowman, 57 Wash.2d 535, 536, 358 P.2d 316 (1961); State v. Rose, 42 Wash.2d 509, 514, 256 P.2d 493 (1953); State v. McNeair, 88 Wash.App. 331, 944 P.2d 1099 (1997).
The assignments of error here, however, are to the underlying judgment and sentence. The assignments of error are then precluded from collateral review because no appeal was taken from the judgment and sentence. State v. Wicke, 91 Wash.2d 638, 645-46, 591 P.2d 452 (1979). This is because a conviction may not be collaterally attacked upon a nonconstitutional ground that could have been raised on appeal but was not. In re Pers. Restraint of Hews, 99 Wash.2d 80, 86, 660 P.2d 263 (1983).
Mr. Gaut's reliance on In re Personal Restraint of Keene for the proposition that he can attack the underlying judgment on new grounds is misplaced. The holding of Keene is that, because alleged errors in the circumstances of a guilty plea can be challenged on direct appeal, they will not be accepted for collateral review. Keene, 95 Wash.2d at 205, 622 P.2d 360 (citing Saylors, 70 Wash.2d at 9, 422 P.2d 477).
The order appealed from here is the denial of a postjudgment CrR 4.2(f) motion. The rules anticipate these belated motions and provide for them to be treated as a motion to vacate the judgment under CrR 7.8(b). An order denying the motion is appealable as of right. RAP 2.2(10) (motion to vacate); RAP 2.2(13) (any order entered after judgment affecting a substantial right). When Mr. Gaut's motion to withdraw his plea was denied, therefore, he could properly appeal. But our scope of review is limited to the trial court's exercise of its discretion in deciding the issues that were raised by the motion. And there has been no attempt here to show any abuse of that discretion.
CR 60(b), governing motions to vacate a civil judgment, is analogous. State v. Brand, 120 Wash.2d 365, 369, 842 P.2d 470 (1992). On review of an order denying a motion to vacate, only "the propriety of the denial not the impropriety of the underlying judgment" is before the reviewing court. Bjurstrom v. Campbell, 27 Wash.App. 449, 450-51, 618 P.2d 533 (1980) (emphasis added). Said another way, an unappealed final judgment cannot be restored to an appellate track by means of moving to vacate and appealing the denial of the motion.
The same principle should apply to criminal judgments. A motion to vacate a judgment is inherently a collateral action. "`The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings.'" Bjurstrom, 27 Wash.App. at 451, 618 P.2d 533 (emphasis added) (quoting State ex rel. Green v. Superior Court, 58 Wash.2d 162, 165, 361 P.2d 643 (1961)). The claim that the judgment is erroneous as a matter of law is a matter to be raised by appeal, writ, or personal restraint petition. "`[I]t is no ground for setting aside the judgment on motion.'" Bjurstrom, 27 Wash.App. at 451, 618 P.2d 533 (quoting Green, 58 Wash.2d at 165, 361 P.2d 643).
Mr. Gaut ignores the motion proceedings and attacks the underlying judgment to try to leverage a limited right of review for abuse of discretion into a second chance for a full, direct appeal of the underlying judgment. New assignments of error to the circumstances of the plea and the judgment of conviction are not reviewable on appeal from an order denying a motion to vacate.
The appeal is dismissed.
WE CONCUR: SCHULTHEIS, J., and KURTZ, J.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 1398-99, 18 L.Ed.2d 493 (1967) (counsel convinced after conscientious investigation that appeal is without merit may withdraw).