# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | No. 69309-3-I |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GARRIDAN ARTHUR NELSON, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 21, 2014 |
| | ) | |

DWYER, J. — Garridan Nelson appeals from the superior court's order

granting relief on his postconviction motion, brought pursuant to CrR 7.8,[1] to

amend his judgment and sentence. Nelson alleges no error with respect to the

court's decision on his motion. The scope of our review is limited to the issues

raised in the CrR 7.8 motion. Nelson's arguments on appeal relate to the validity

of his unappealed underlying judgment and sentence. The time to appeal the

judgment and sentence has long since passed. We affirm the court's order

which granted Nelson the relief he sought.

I

Garridan Nelson pleaded guilty to three counts of first degree murder in

1995. In exchange for Nelson's plea, the State reduced the charges on two

---

[1] CrR 7.8(b) permits vacation or modification of a final judgment and sentence for specific enumerated reasons, including (1) mistakes or irregularities in obtaining the judgment; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) a void judgment; or (5) "[a]ny other reason justifying relief from the operation of the judgment."

counts from aggravated murder to first degree murder. The standard sentencing range was between 240 and 320 months on each count.

The sentencing court imposed a 320-month sentence on each count, to run consecutively, for a total sentence of 960 months. The judgment and sentence included a provision stating that Nelson was ineligible for earned early release on the mandatory minimum portions of his sentence (240 months on each count) pursuant to former RCW 9.94A.120(4) (1994).

In July 2012, Nelson filed a CrR 7.8 motion to correct his judgment and sentence, seeking to "strike the unconstitutional provision of RCW 9.94A.120(4) from his judgment and sentence." He also asked to be resentenced in order to "reflect the ability to receive good time on his mandatory minimum term."

Nelson's motion was based on our decision in State v. Cloud, 95 Wn. App. 606, 618, 976 P.2d 649 (1999), which invalidated the provision of former RCW 9.94A.120(4) that made certain first-time offenders, like Nelson, ineligible for early release. In response, the State conceded that Nelson was entitled to relief under Cloud. The State further conceded that the reference to former RCW 9.94A.120(4) should be deleted from Nelson's judgment and sentence.

The superior court held a hearing on Nelson's motion, allowing Nelson to participate by telephone. The State proposed an order amending Nelson's judgment and sentence. Consistent with the ruling in Cloud, the proposed order deleted the language stating that Nelson was not entitled to earned early release

and added that "[t]he defendant is entitled to earned early release on each count."

The superior court informed Nelson that it intended to sign the State's proposed order and asked if Nelson had any questions. The following exchange occurred:

> The Defendant:  Am I not being remanded for resentencing?
>
> The Court:  No. That's not required. The order—hang on a second. The order caption is Order Amending Judgment and Sentence. That's all we have to do. We don't have to resentence you. Any other questions?
>
> The Defendant:  Well, there were issues that I would like to have been able to bring up at a sentencing hearing.
>
> The Court:  Well, I am sure that's true from your point of view. But the only issue that I see is that this relief that you have requested in terms of early release needs to be granted. The process that you outlined is not necessary. All we have to do is amend the Judgment and Sentence. And that's what I intend to do this morning. I will send you a copy of the order. If you have any other issues or any further need for a motion, you can always make those motions.

The superior court entered the State's proposed order.

II

On appeal, Nelson asserts no claim of error with respect to the order entered by the superior court. Indeed, this order granted him all of the relief he sought in his CrR 7.8 motion. While, during the hearing, Nelson mentioned some "issues" he might want to raise at a resentencing hearing, he did not specify those issues nor did he ask for any additional relief.

Our task is limited to reviewing those issues brought before the court in Nelson's CrR 7.8 motion and the court's order resolving that motion. Additional

3

claims Nelson might want to litigate relating to the circumstances of his guilty plea and judgment of conviction are not properly before us.[2] See State v. Gaut, 111 Wn. App. 875, 881, 46 P.3d 832 (2002) ("an unappealed final judgment cannot be restored to an appellate track by means of moving to vacate and appealing the denial").

We reject Nelson's present attempt to ignore the postconviction motion proceedings below and attack the judgment and sentence on appeal.[3] We affirm the superior court's order.

Affirmed.

We concur:

---

[2] Acknowledging that the only relief sought below was amendment of his judgment and sentence, Nelson suggests that preservation of error rules do not bar his constitutional argument and that he may raise it for the first time on appeal. However, as explained, this is not a direct appeal of the judgment and sentence. Nelson may not raise issues, constitutional or otherwise, that do not relate to the superior court's order on his CrR 7.8 motion because only that order is before us.

[3] We do not address appellant's pro se statement of additional grounds separately because his arguments are adequately addressed in his appellate counsel's brief. See RAP 10.10(a).

4