IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32963-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY CAMPOS-GONZALEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

Brown, J. — Henry Campos-Gonzalez appeals the trial court's order denying his

motion to vacate a guilty plea, but his briefing fails to address that motion. Instead, he

collaterally attacks the underlying and unappealed judgment and sentence. Because the

new assignments of error are time-barred and not reviewable on appeal from an order

denying a motion to vacate a guilty plea, we affirm his convictions for the underlying

crimes of possessing cocaine and driving under the influence (DUI).

FACTS AND PROCEDURAL HISTORY

Mr. Campos-Gonzalez pleaded guilty to the underlying crimes. In his plea

statement, he admitted guilt of the DUI charge but not of the possession charge: "I drove

a motor vehicle when I was under the influence of alcohol. My plea to the cocaine is an

*Alford* plea. I didn't know I had it but I choose to plead guilty anyway." Clerk's Papers

(CP) at 13. Mr. Campos-Gonzales did not timely appeal; therefore, the judgment and sentence was final on the date it was filed, July 22, 2013. RCW 10.73.090(3)(a).

On July 22, 2014, Mr. Campos-Gonzalez moved in the Douglas County Superior Court to vacate his guilty plea, citing CrR 7.8(b)(5).[1] He contended his counsel was ineffective because he had overstayed his temporary visitor's visa at the time of the plea and thus, he was no longer legally residing in the United States. He argued his trial counsel should have known he could not become a legally permanent resident of the United States if he had been convicted of a controlled substance crime. Based on this theory, Mr. Campos-Gonzalez asserted his trial counsel gave ineffective assistance in the plea bargaining process.

On November 20, 2014, the superior court denied the motion to vacate the guilty plea and filed findings of fact and conclusions of law. The court found Mr. Campos-Gonzalez and his counsel knew Mr. Campos-Gonzalez would be deported if he pleaded guilty to his felony drug charge. Further, the court found defense counsel attempted to plea bargain the drug felony to a misdemeanor level offense, but the prosecutor rejected the proposal. Based on these findings, the superior court concluded Mr. Campos-

---

[1] "On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: . . . (5) Any other reason justifying relief from the operation of the judgment." CrR 7.8(b). A CrR 7.8(b)(5) motion must be made "within a reasonable time." CrR 7.8(b).

2

Gonzalez's plea was knowing, voluntary, and intelligent and made with full knowledge of the deportation consequences. The court concluded his trial counsel provided effective assistance. This appeal followed.

## ANALYSIS

Mr. Campos-Gonzalez appealed from the order denying his motion to vacate the guilty plea. RAP 2.2(10); RAP 5.2(a). But his appeal does not address the issues raised and decided in the order denying the motion. He admits "[h]e now challenges the voluntariness of his plea on different grounds." Appellant's Br. at 4. He now asserts he should be allowed to withdraw his *Alford*[2] plea because the plea to possession of cocaine lacks a factual basis.

An order denying a CrR 7.8 motion for relief from judgment is appealable as of right. *State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002); RAP 2.2(10), (13). Appellate review is limited to the issues raised by that motion and to the trial court's exercise of discretion in deciding those issues. *Id.* *See also Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980) (solely the propriety of the denial of the motion, not the impropriety of the underlying judgment, is before the reviewing court) (review of an order denying a CR 60(b) motion to vacate a judgment). "[An] unappealed

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

No. 32963-1-III
*State v. Campos-Gonzalez*

final judgment cannot be restored to an appellate track by means of moving to vacate and appealing the denial of the motion." *Gaut*, 111 Wn. App. at 881.

Mr. Campos-Gonzalez admits he is not challenging the trial court's exercise of discretion in deciding the motion to vacate the guilty plea, and he abandons the issues he raised in that motion. He incorrectly attempts to restart the time limit for an appeal of the underlying judgment and sentence by appealing the denial of his motion to vacate. We cannot reach new assignments of error that were not raised and decided in the superior court's denial of Mr. Campos-Gonzalez's motion to vacate the guilty plea. *Gaut*, 111 Wn. App. at 881.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

4