# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72620-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| LAVELLE XAVIER MITCHELL, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: January 11, 2016 |
| | ) | |

Cox, J. — Lavelle Mitchell appeals from the trial court's order denying his CR 60(b) motion to vacate a final judgment and sentence. His briefing on appeal largely fails to address that motion. Accordingly, he has failed to show the trial court abused its discretion in denying his motion.

Instead, Mitchell attempts to collaterally attack his guilty plea and the underlying judgment and sentence that he failed to appeal. Because his claims are time-barred and not reviewable on an appeal from the order denying his CR 60(b) motion to vacate, we affirm.

The State charged Mitchell with robbery in the first degree, alleging that, together with his twin brother, he displayed a firearm during the course of a robbery on June 3, 2012. On January 23, 2013, the parties reached a plea agreement whereby Mitchell agreed to plead guilty to a less serious amended charge of possession of cocaine. The cocaine was found in a car associated with the robbery. In accordance with that agreement, the State filed an amended

information charging Mitchell with possession of cocaine, and Mitchell entered a guilty plea. In his guilty plea statement, Mitchell admitted that he unlawfully possessed cocaine on the date of the robbery, June 3, 2012.

Mitchell's standard range sentence was between 0 to 6 months. The trial court sentenced him to time served in jail—5 days. Mitchell did not appeal his judgment and sentence, which became final on March 8, 2013.[1]

On August 29, 2014, almost a year and a half after entry of the judgment and sentence, the trial court held a hearing on Mitchell's motion to withdraw his guilty plea. Counsel represented him at the hearing. The court denied this motion, stating in its order that "Mitchell's plea was made knowingly, intelligently, and voluntarily."[2] Mitchell did not appeal this order.

About three weeks later, on September 19, 2014, Mitchell moved for relief under CR 60(b). He sought to vacate the August 2014 order denying his motion to withdraw his plea. Mitchell argued that at the time he agreed to enter a plea, he was unaware that the State had not yet amended the charge. He also claimed that his attorney failed to adequately advise him about the strength of the State's case and his viable defenses to the robbery charge. The trial court denied this motion. In its order denying the motion, the court stated that Mitchell had already moved to withdraw his guilty plea raising these precise issues and he was "not entitled to a second hearing on this same matter."[3]

Mitchell appealed this October 2, 2014 order. In conjunction with his appeal, he moved in this court to enlarge the time to file notices of appeal to

---

[1] See RCW 10.73.090(3)(a).
[2] Clerk's Papers at 89.
[3] Id. at 44.

allow him to appeal the March 2013 judgment and sentence and the August 2014 order denying his motion to withdraw his plea. This court denied the motion.

## SCOPE OF APPELLATE REVIEW

Representing himself on appeal, Mitchell seeks review of the superior court's CR 60(b) order denying him relief. But his appeal fails to address the criteria under CR 60(b) for vacating a judgment. Accordingly, he has failed to show the trial court abused its discretion in denying his motion.[4]

Instead, the focus of Mitchell's appeal is his claim that the judgment and sentence on which his plea was based should be set aside because his plea was not knowing or voluntary. He claims that during the plea process, he was deprived of the effective assistance of counsel. He also contends that the State failed to file the amended charge prior to his plea, and therefore, his counsel misadvised him to plead guilty and the court should not have accepted the plea. We disagree with all of these arguments.

An order denying a motion to vacate a judgment is appealable as of right.[5] But it is well settled that an appeal from the denial of a motion to vacate is not a substitute for an appeal and appellate review is limited to the propriety of the denial of the motion to vacate, not the impropriety of the underlying order.[6] In other words, "an unappealed final judgment cannot be restored to an appellate track by means of moving to vacate and appealing the denial."[7] This is so

---

[4] See Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013) (decision to grant or deny a motion to vacate a judgment under CR 60(b) is within the trial court's discretion).
[5] State v. Gaut, 111 Wn. App. 875, 881, 46 P.3d 832 (2002); RAP 2.2(10), (13).
[6] In re Dependency of J.M.R., 160 Wn. App. 929, 938 n.4, 249 P.3d 193 (2011).
[7] Gaut, 111 Wn. App. at 881.

3

because the "exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion."[8]

In his motion below, Mitchell cited CR 60(b)(1) (mistakes, inadvertence, surprise, excusable neglect, or irregularity in obtaining the judgment or order), (5) (void judgment), and (11) (any other reason justifying relief from the operation of the judgment). He does not address these provisions on appeal. Accordingly, he has failed to show the trial court abused its discretion in denying his motion.

Because Mitchell's appeal of the denial of his CR 60(b) motion to vacate cannot be used as a vehicle to collaterally attack the judgment and sentence on his guilty plea, we affirm.

_Cox, J._

WE CONCUR:

_Schindler, J._          _Becker, J._

---

[8] Bjurstrom v. Campbell, 27 Wn. App. 449, 451, 618 P.2d 533 (1980).

4