IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MINH-NHAT THI NGUYEN,<br><br>               Respondent,<br><br>        v.<br><br>ADAM STEVEN MCCULLOUGH,<br><br>               Appellant. | No. 86186-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — The trial court granted Minh-Nhat Thi Nguyen's petition for a domestic violence protection order (DVPO) restraining her former husband Adam McCullough from her and prohibiting his possession of weapons for 50 years and restraining him from their sons for one year. McCullough brought a motion to vacate the DVPO, claiming he attempted to attend the Zoom[1] hearing on the DVPO but was unable to connect with the proper courtroom. The trial court denied the CR 60(b) motion to vacate. We affirm the denial of the CR 60(b) motion and the trial court's denial of attorney fees to Nguyen, but award her fees on appeal.

FACTS

On September 23, 2021, Minh-Nhat Nguyen filed a petition for a DVPO seeking protection of herself and her three sons from her ex-husband Adam McCullough. She alleged that McCullough failed to return the children to her on

---

[1] Zoom is a cloud-based videoconferencing software platform.

September 7 and continued to withhold them despite numerous contacts with law enforcement and correspondence from her attorney. On September 9, she obtained an ex parte restraining order that required him to return the children that same day. Although he was personally served with the restraining order, McCullough failed to comply.

Nguyen then obtained a writ of habeas corpus and worked with the Thurston County Sheriff to have the children returned. Nguyen learned that McCullough had taken the boys out of state, despite the existing order to return them. In her DVPO petition, Nguyen stated, "Adam does not follow court orders, he does not obey authority, and I am terrified that if Adam ever has the boys again, it will be the last time I ever see them." Nguyen claimed that McCullough had lied to law enforcement. Nguyen also noted that since June 28, 2019, McCullough had been found in contempt for 12 violations of a prior restraining order she had against him.[2]

The day Nguyen filed the DVPO petition, a commissioner granted an emergency order, ordered McCullough to surrender his weapons, and set a hearing for October 6, 2021. At that hearing, McCullough requested a continuance to obtain counsel. The commissioner granted the continuance to October 19, noted "further continuances shall not be granted unless there is extraordinary good cause," and extended the temporary protection order.

McCullough did not appear at the October 19 hearing. The commissioner determined that Nguyen had proven domestic violence by a preponderance of

---

[2] Mutual restraining orders were entered with the parties' dissolution.

evidence and entered a DVPO. Based on the "dangerousness level" of the case, the court entered a 50-year protection order for Nguyen and a one-year order for the three children. The DVPO also included a prohibition on weapon possession and ordered McCullough to comply with a separately filed order to surrender and prohibit weapons, also effective for 50 years.

The next day, October 20, McCullough filed a pro se motion for revision of the commissioner's orders, requesting vacation of the restraining order. As one of the grounds for revision, McCullough argued that "the zoom issues plaguing this court system did not allow [him] to attend the hearing. He was not accepted into the court in a timely manner that allowed defense." During oral argument on the revision motion on November 19, 2021, McCullough, now represented by counsel, raised the Zoom issue and also claimed Nguyen's petition failed to allege specific acts of domestic violence in the underlying dissolution trial and was only "litigating [the] parenting plan concerns" from the summer. The trial court denied the motion to revise the commissioner's order, stating, "I am de novo denying the motions to revise, I would have made the same decisions" had it been the judicial officer in the first instance. The court stated, "[W]hat has happened has not been good, has been scary, and is a basis to have awarded [the DVPO]. The fear that Ms. McCullough feels is well founded, to say the least."

The court also addressed McCullough's claims he did not appear because of problems with Zoom, noting that any evidence about Zoom was outside of the record before the commissioner and, thus, could not be considered on revision. The court stated:

> [I]f Zoom is not up, court doesn't happen, and so when people are unable to get into Zoom, that is on the user end. So either someone is not attempting or they have made inadequate precautions or preparations to get there and participate. That is on a party to make sure you get to court one way or another.

The court further addressed whether McCullough's presence would have resulted in a different outcome. "If he was there, the commissioner could have made the exact same decision. And the fact that he wasn't there for whatever reason, there was still a hearing with proper notice. It's not ex parte."

McCullough did not file a direct appeal of the DVPO. Instead, on February 18, 2022, McCullough brought a motion to vacate the DVPO, citing as the basis CR 60(b)(1), (3), and (11) and CR 55. In support of the motion to vacate, McCullough submitted a declaration explaining that he logged onto Zoom for the October 19, 2021 hearing, as he planned to appear and request another continuance to retain counsel. He stated that he sat in the online waiting room for ten minutes before becoming concerned that he was waiting for the wrong courtroom. He then logged in to a different courtroom and waited for the case to be called. McCullough said that after waiting for some time, he called "the Clerk" who agreed to look into the problem and call him back. An hour later, McCullough called the clerk again and was told the hearing had concluded and he should speak to an attorney about how to address the issue. McCullough included several photos of the online waiting room, online courtroom, and his call log in support of his motion.

In March 2023, a commissioner heard oral arguments on the motion to vacate. McCullough argued the motion to vacate under CR 60(b)(1), (3), (9), and

4

(11) based on his claim that he attempted to attend the Zoom hearing but was unable to enter the proper courtroom. The commissioner denied the motion and granted Nguyen's request for attorney fees.[3]

McCullough filed a motion to revise the commissioner's ruling denying his motion to vacate the DVPO. After hearing oral argument, the trial court declined to award attorney fees to Nguyen, but took the motion to revise the denial of the motion to vacate under advisement.

The court subsequently issued a written order denying revision of the commissioner's ruling on the motion to vacate because McCullough had failed to provide substantial evidence supporting a prima facie defense. Further, the court stated that even taking McCullough's evidence as true, "there are more than sufficient unrebutted facts in this record that would have resulted in the issuance of the underlying Order of Protection in this case had these facts been presented at a full hearing with Respondent present."

Additionally, the court found that McCullough "failed to . . . establish the factual predicate upon which he bases his motion—that there was a problem or irregularity that prevented him from accessing the hearing in question." According to the court, the record "is replete" with instances of McCullough being untruthful such that he was "not credible as a general matter." The court did not find McCullough's version of the hearing day Zoom issues to be credible. The court also determined that McCullough failed to act with diligence after notice of the

---

[3] At the conclusion of the hearing, the commissioner stated she was denying the motion "without [an] order," but a different commissioner entered a written order denying the motion to vacate on April 26, 2022.

5

protection order, waiting more than three months after denial of his motion to revise the DVPO. Finally, the court concluded that vacating the DVPO would cause Nguyen to suffer substantial hardship as it would "force this domestic violence survivor to relive her family's trauma through an evidentiary hearing."

McCullough appeals the denial of the motion to revise the commissioner's denial of his motion to vacate. Nguyen cross-appeals the court's revision of the commissioner's decision awarding her attorney fees under the DVPO statute.

DISCUSSION

I.      Motion to Vacate

CR 60(b) permits vacation of judgment for "reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings." Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986). A CR 60(b) motion to vacate is not a substitute for a direct appeal and does not allow for a challenge to the underlying judgment. Winter v. Dep't of Soc. and Health Servs., 12 Wn. App. 2d 815, 830, 460 P.3d 667 (2020). Errors of law in the underlying judgment must be remedied through direct appeal. Burlingame, 106 Wn.2d at 336. As a result, appeal of a denial of a motion to vacate "is limited to the propriety of the denial[,] not the impropriety of the underlying judgment." Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

McCullough argues that entry of the DVPO, after he did not attend the hearing because of alleged problems entering the correct virtual courtroom, violates his constitutional right to due process. McCullough's appeal focuses on the alleged lack of procedural due process afforded him during the DVPO

hearing. He cites the de novo standard of review for alleged violations of constitutional rights, rather than the standard of review for a motion to vacate. Indeed, McCullough's opening brief fails to cite CR 60(b) or provide analysis regarding why he is entitled to relief under the applicable legal authority.[4] His reply brief provides only two brief mentions of CR 60(b).

Rather than challenging the trial court's decision on the commissioner's denial of the motion to vacate, McCullough's due process argument relates to the underlying entry of the DVPO in his absence. But a CR 60(b) motion to vacate does not allow for a challenge to the underlying judgment. Winter, 12 Wn. App. 2d at 829. Any concerns about due process should have been raised in an appeal of the entry of the DVPO.[5] McCullough did not appeal the DVPO and, absent a reason for vacation under CR 60(b), the due process concern "cannot be restored to an appellate track by means of moving to vacate and appealing the denial of the motion." See State v. Gaut, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). To the extent that McCullough attempts a legal challenge to the DVPO itself, we decline to address the merits of his due process argument. Instead, our

---

[4] An appellate court does not address arguments unsupported by citations to legal authority. In re Marriage of Fiorito, 112 Wn. App. 657, 669, 50 P.3d 298 (2002); RAP 10.3(a)(6).

[5] As Nguyen notes, McCullough could have addressed the Zoom issues with the trial court by filing a motion under RCW 7.105.205(5)(g), which provides a remedy for problems with remote hearings for protection orders: "If a party was unable to provide the notification regarding issues with remote access or other technological difficulties on the day of the hearing prior to the court's ruling, that party may seek relief via a motion for reconsideration." The first version of the statute, which contained this provision, went into effect on July 25, 2021.

However, having not raised the constitutional due process argument with the trial court, even had he appealed on that basis, McCullough would have to demonstrate manifest constitutional error under RAP 2.5(a).

review is limited to the trial court's decision on the motion to vacate.[6]

McCullough brought his motion to vacate pursuant to CR 60(b)(1), (3), (9), and (11).[7] Under these subsections of CR 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" based on

> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
> . . . .
> (3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);
> . . . .
> (9) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;
> . . . .
> (11) Any other reason justifying relief from the operation of the judgment.

A decision on a CR 60(b) motion is in the court's discretion and will not be reversed without a showing of abuse of discretion. Winter, 12 Wn. App. 2d at 829. A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or for untenable reasons. Id. This includes when "the trial court relies on unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law." Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006). The trial court's factual findings are reviewed for

---

[6] Commissioner rulings are subject to revision by the superior court. RCW 2.24.050. The superior court reviews the commissioner's decisions de novo based on the issues and record before the commissioner. In re Est. of Bernard, 182 Wn. App. 692, 727-28, 332 P.3d 480 (2014). On appeal, we review the superior court's decision, rather than the commissioner's ruling. Id. at 728.

[7] In his motion for order to vacate, McCullough cited CR 60(b)(1), (3), (11), and CR 55. In oral argument before the commissioner, McCullough requested vacation under CR 60(b)(1), (3), (9), and (11). During oral arguments on revision, McCullough raised only CR 60(b)(1), (9), and (11).

substantial evidence, which is evidence sufficient to persuade a rational fair-minded person the premise is true. Id.

Among the reasons for denying McCullough's motion to revise the commissioner's denial of the motion to vacate the DVPO, the trial court found that McCullough did not file his motion to vacate within a "reasonable time." A motion to vacate under CR 60(b) "shall be made within a reasonable time and for reasons (1), (2), or (3) not more than 1 year after the judgment, order, or proceeding was entered." All CR 60(b) motions must be brought within a reasonable time. Luckett v. Boeing Co., 98 Wn. App. 307, 311, 989 P.2d 1144 (1999). The critical time period is between when the moving party became aware of the entry of the judgment and filing of the motion. Ha v. Signal Elec. Inc., 182 Wn. App. 436, 454, 332 P.3d 991 (2014). "What constitutes a 'reasonable time' depends on the facts and circumstances of each case." Id. "Major considerations that may be relevant in determining timeliness are whether the nonmoving party is prejudiced by the delay and whether the moving party has a good reason for failing to take action sooner." In re Marriage of Thurston, 92 Wn. App. 494, 500, 963 P.2d 947 (1998).

In considering the reasonableness of the timeline, the court noted that the DVPO was entered on October 19 and McCullough "promptly had notice, as he filed a Motion to Revise the following day." The court explained that it had informed McCullough that "a Motion to Revise was the improper mechanism to address the issues" when it denied revision on November 19. Yet McCullough waited four months after entry of the DVPO and three months after denial of the

motion to revise the DVPO to file the motion to vacate on February 18. According to the trial court, McCullough "failed to act with due diligence after notice of the Order."

Substantial evidence supports the trial court's findings of fact with respect to this timeline. The order at issue had been entered and the alleged reason for vacation was known as of October 20, when McCullough, acting pro se, filed the motion to revise the DVPO. McCullough's counsel raised the Zoom issue during oral arguments on the motion to revise the DVPO on November 19. The same counsel argued the motion to vacate three months later, again citing the Zoom issue. Given that McCullough was represented by counsel and was aware of the alleged due process violation months before, the record does not demonstrate any good reason for delay in filing the motion to vacate. Therefore, the trial court did not abuse its discretion by denying revision of the denial of the motion to vacate as untimely.

II.      Cross Appeal – Fees

Nguyen contends the trial court erred by denying her attorney fees and costs because the motion to vacate and the motion for revision were continuations of the DVPO proceeding entitling her to fees under former RCW 26.50.060(1)(g) (2021).

"Under Washington law, a trial court may grant attorney fees only if the request is based on a statute, a contract, or a recognized ground in equity." Gander v. Yeager, 167 Wn. App. 638, 645, 282 P.3d 1100 (2012). We apply a two-part review to awards or denials of attorney fees: we review the legal basis

for the award de novo, while we review the amount of the award for abuse of discretion. Id. at 647. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. Sw. Suburban Sewer Dist. v. Fish, 17 Wn. App. 2d 833, 838-39, 488 P.3d 839 (2021). A decision is based on untenable grounds or untenable reasons if the trial court applies the wrong legal standard or relies on unsupported facts. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006). "[T]he court's decision is 'manifestly unreasonable' if 'the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take.' ' " Mayer, 156 Wn.2d at 684 (quoting State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

In DVPO proceedings, former RCW 26.50.060(1)(g) (2021)[8] states, "Upon notice and after hearing, the court may provide relief," which includes requiring the respondent to "reimburse the petitioner for costs incurred in bringing the action, including reasonable attorneys' fees." A motion to vacate under CR 60(b) is part of the original action. Lindgren v. Lindgren, 58 Wn. App. 588, 591, 794 P.2d 526 (1990). Courts have awarded attorney fees on motions to vacate where the party is entitled to fees in the original action. See Sutey v. T26 Corporation, 13 Wn. App. 2d 737, 758-59, 466 P.3d 1096 (2020) (court affirmed trial court award of fees and awarded fees on appeal for defending a motion to vacate where the underlying action involved unpaid wages so attorney fees were available under RCW 49.52.070); In re Marriage of Bresnahan, 21 Wn. App. 2d

---

[8] Former chapter 26.50 RCW was repealed by the Laws of 2021, ch. 215, § 170, but was the governing chapter at the time of the DVPO and subsequent proceedings.

385, 412-13, 505 P.3d 1218 (2022) (court affirmed trial court award of fees and awarded fees on appeal on a motion to vacate a dissolution after a finding of intransigence); Pederson's Fryer Farms, Inc. v. Transamerica Ins. Co., 83 Wn. App. 432, 455, 922 P.2d 126 (1996) (insureds' cost of defending motion to vacate were recoverable as they were incurred to obtain full benefit of the insurance contract). As a result, former RCW 26.50.060(1)(g) (2021) applied to the motion to vacate and the motion for revision and gave the trial court authority to require McCullough to pay Nguyen's attorney fees.

However, the trial court revised the commissioner's award and declined to exercise its discretion to award Nguyen fees, stating, "[I]t's enough of an arguable issue that we're here that I'm not going to be awarding fees." Under the deferential abuse of discretion standard, the appellate court will not find an abuse of discretion merely because it would have decided the issue differently; rather we must be convinced that no reasonable person would take the view adopted by the trial court. L.M. by & through Dussault v. Hamilton, 193 Wn.2d 113, 134-35, 436 P.3d 803 (2019). While we may disagree with the trial court's denial of fees, we cannot say that no reasonable person would have made the same decision in exercising its broad discretion under a permissive statute. Therefore, we affirm the court's decision against awarding attorney fees related to the motion to vacate.

III.    Fees on Appeal

"If attorney fees are allowable below, the prevailing party may recover those fees on appeal." Davis v. Arledge, 27 Wn. App. 2d 55, 75-76, 531 P.3d 792

(2023). Nguyen requests fees under the current DVPO statute, RCW 7.105.310(1)(j), which, like former RCW 26.50.060(1)(g), provides that the court may require a respondent to a DVPO petition to "reimburse the petitioner for costs incurred in bringing the action, including reasonable attorney fees." As discussed above, the motion to vacate and motion to revise are continuations of the original DVPO action, such that Nguyen is eligible for fees at the court's discretion. Because Nguyen was required to respond to this appeal, which entirely fails to address the applicable law, we award her fees on appeal subject to compliance with RAP 18.1.

 Affirmed.

_Chung, J._

WE CONCUR:

_Díaz, J._     _Coburn, J._