## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58558-8-II |
| Respondent, | |
| v. | |
| RAYMOND JAY FEMLING, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Raymond Jay Femling appeals the trial court's denial of his CrR 7.8 motion

for resentencing based on *State v. Blake*.[1] In his sole assignment of error, he asks us to order the

trial court to strike the crime victim penalty assessment, criminal filing fee, public defender fee,

and DNA collection fee from his judgment and sentence and to waive interest on nonrestitution

legal financial obligations (LFOs). But these issues are not within the scope of this appeal. Thus,

although Femling is entitled to have these fees and costs stricken, he must seek this relief directly

in the trial court.

In 2010, Femling pleaded guilty in two Clark County Superior Court cases.[2] In this case,

he pleaded guilty to one count of first degree possession of stolen property. As part of his plea

agreement, he received a prison-based drug offender sentencing alternative (DOSA) and the trial

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] Femling's appeal involving his other superior court case, number 10-1-00823-3, is linked to this appeal.

court imposed multiple legal financial obligations (LFOs). The trial court later revoked Femling's DOSA after he was convicted of additional crimes in 2014, and he returned to prison to serve the remainder of his sentence.

In 2018 and 2021, Femling sought to strike interest and LFOs. In 2021, the trial court declined to waive or strike LFOs and declined to waive interest on nonrestitution LFOs because Femling was still incarcerated. The court also explained that certain fees were mandatory at that time. Femling did not appeal.

In 2022, Femling filed a CrR 7.8 motion for resentencing based on *State v. Blake*. His motion did not mention LFOs. He also filed CrR 7.8 motions in two of his other cases. Following a hearing on all three of these CrR 7.8 motions, the trial court denied the motions for resentencing on Femling's 2010 convictions, concluding that although *Blake* reduced his offender score, his later convictions increased his offender score such that there was no net change.

Femling's notice of appeal sought to appeal only "the denial of the motion for resentencing." Clerk's Papers at 197. However, in his sole assignment of error, Femling does not challenge the trial court's denial of his motion for resentencing. Rather, he argues that this court should remand the case to the trial court with instructions to strike the $500 victim penalty assessment, $200 criminal filing fee, $1000 public defender fee, and $100 DNA collection fee from his judgment and sentence and waive interest on nonrestitution LFOs based on recent legislative amendments.

Recently, the legislature amended the legal financial obligation statutes allowing trial courts to waive certain fees and costs, particularly if a defendant is indigent. In particular, the legislature eliminated the $500 victim penalty assessment for indigent criminal defendants. *See*

LAWS OF 2023, ch. 449, § 1(4); RCW 7.69.035(4). Further, RCW 7.68.035 provides that the court

shall waive any crime victim penalty assessment imposed prior to July 1, 2023, upon a motion by

a defendant if the person does not have the ability to pay the assessment because they are indigent

as defined in RCW 10.01.160(3). RCW 7.68.035(5)(b). Similarly, RCW 43.43.7541 provides that

upon a motion by a defendant, the court must waive any fee for the collection of the offender's

DNA imposed prior to July 1, 2023, regardless of indigency. RCW 43.43.7541(2).

The legislature also amended RCW 36.18.020(h), which permits the court to waive or

reduce a criminal filing fee upon a motion by an indigent defendant. *See* LAWS OF 2022, ch. 260,

§ 17. RCW 10.01.160(3) prohibits courts from imposing costs, such as public defender attorney

fees, on indigent defendants. *State v. Ellis*, 27 Wn. App. 2d 1, 17-18, 530 P.3d 1048 (2023). And

RCW 10.82.090(3)(a) provides that the trial court must waive all interest on certain nonrestitution

LFOs that accrued prior to June 7, 2018, upon a motion by a defendant.

The State does not dispute Femling's indigency, and we generally agree that Femling is

entitled to ask the trial court to strike these fees, costs, and interest from his judgment and sentence.

However, this appeal is not the appropriate vehicle to obtain that collateral relief because it is not

within the scope of the notice of appeal. Our review must be limited to the trial court's decision

on the issues raised in the motion for resentencing. *See State v. Gaut*, 111 Wn. App. 875, 881, 46

P.3d 832 (2002).

The motion for resentencing did not include a challenge to the legal financial obligations.[3]

And Femling did not appeal the trial court's order on his separate 2018 and 2021 requests regarding

---

[3] Femling suggests in his brief that the trial court waived fees for him in a separate case under a different cause number, but there is nothing in this record that suggests that the trial court addressed LFOs when denying the motion for resentencing on appeal here. *See* Am. Br. of Appellant at 3.

legal financial obligations, which the trial court denied given the versions of the statutes in place at that time. The 2021 order addressing the legal financial obligations did not prejudicially affect the order Femling appealed—the motion for resentencing. *See* RAP 2.4(a). Thus, Femling's assignment of error seeking relief from the crime victim penalty assessment is not within the proper scope of his notice of appeal.

Femling may nonetheless seek relief from these legal financial obligations by filing a CrR 7.8 motion in superior court as contemplated by RCW 7.68.035(5) or by filing a personal restraint petition in this court.

Femling also filed a statement of additional grounds (SAG) for review. When Femling was arrested and convicted in 2014, the trial court ran his sentence consecutively to the remainder of his sentence for his 2010 convictions. In his SAG, he claims that he is entitled to resentencing on his 2014 sentence to apply credit for the time served on his 2010 convictions. But Femling's 2014 sentence is also not the subject of this appeal. An appeal of that sentence is currently pending with our court in number 58129-9-II. Accordingly, we do not reach Femling's request to reduce his 2014 sentence.

We affirm.

No. 58558-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

PRICE, J.

CHE, J.