# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57959-6-II |
| Respondent, | |
| v. | |
| RAYMOND JAY FEMLING, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Raymond Jay Femling appeals the trial court's denial of his CrR 7.8 motion for resentencing based on *State v. Blake*.[1] In his sole assignment of error, he asks us to order the trial court to strike the crime victim penalty assessment from his judgment and sentence. But this issue is not within the scope of this appeal. Thus, although Femling is entitled to have the assessment stricken, he must seek this relief directly in the trial court.

In 2010, Femling pleaded guilty in two Clark County Superior Court cases.[2] In this case, he pleaded guilty to one count of possession of a controlled substance with intent to deliver. As part of his plea agreement, he received a prison-based drug offender sentencing alternative (DOSA) and the trial court imposed multiple legal financial obligations (LFOs). The trial court

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] Femling's appeal involving his second superior court case, number 10-1-01376-8, is linked to this appeal.

later revoked Femling's DOSA after he was convicted of additional crimes in 2014, and he returned to prison to serve the remainder of his sentence.

In 2021 and 2023, Femling filed motions to strike interest and LFOs. In 2021, the trial court declined to waive or strike the LFOs and declined to waive interest on nonrestitution LFOs because Femling was still incarcerated. The court also explained that certain fees were mandatory at that time. The trial court granted the 2023 motion in part but denied it in part, declining to strike the crime victim penalty assessment and other fees that were mandatory at the time.

In 2022, Femling filed a CrR 7.8 motion for resentencing based on *State v. Blake*. His motion did not mention the crime victim penalty assessment or LFOs. He also filed CrR 7.8 motions in two of his other cases. Following a hearing on all three of these CrR 7.8 motions, the trial court denied the motions for resentencing on Femling's 2010 convictions, concluding that although *Blake* reduced his offender score, his later convictions increased his offender score such that there was no net change.

Femling's notice of appeal sought to appeal only "the denial of the motion for resentencing." Clerk's Papers at 204. However, in his sole assignment of error, Femling does not challenge the trial court's denial of his motion for resentencing. Rather, he argues that this court should remand the case to the trial court with instructions to strike the $500 victim penalty assessment based on recent amendments to RCW 7.68.035.

In 2023, the legislature eliminated the $500 victim penalty assessment for indigent criminal defendants. LAWS OF 2023, ch. 449, § 1(4). RCW 7.68.035 further provides that the court shall waive any crime victim penalty assessment imposed prior to July 1, 2023, upon a motion by a defendant if the person does not have the ability to pay the assessment because they are indigent

as defined in RCW 10.01.160(3). RCW 7.68.035(5)(b). The State does not dispute that Femling is indigent as defined in the statute.

We generally agree that Femling is entitled to ask the trial court to strike the $500 victim penalty assessment from his judgment and sentence. However, this appeal is not the appropriate vehicle to obtain that collateral relief because it is not within the scope of the notice of appeal.

Our review must be limited to the trial court's decision on the issues raised in the motion for resentencing. *See State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). The motion for resentencing did not include a challenge to the victim penalty assessment. And Femling did not appeal the trial court's order on his separate pro se motion, which declined to strike the crime victim penalty assessment because of its mandatory nature at the time. The order addressing the crime victim penalty assessment did not prejudicially affect the order Femling appealed—the motion for resentencing. *See* RAP 2.4(a). Thus, Femling's assignment of error seeking relief from the crime victim penalty assessment is not within the proper scope of his notice of appeal.

Femling may nonetheless seek relief from the victim penalty assessment by filing a CrR 7.8 motion in superior court as contemplated under RCW 7.68.035(5) or by filing a personal restraint petition in this court.

Femling also filed a statement of additional grounds (SAG) for review. When Femling was arrested and convicted in 2014, the trial court ran his sentence consecutively to the remainder of his sentence for his 2010 convictions. In his SAG, he claims that he is entitled to resentencing on his 2014 sentence to apply credit for the time served on his 2010 convictions. But Femling's 2014 sentence is also not the subject of this appeal. An appeal of that sentence is currently pending with

No. 57959-6-II

our court in number 58129-9-II. Accordingly, we do not reach Femling's request to reduce his 2014 sentence.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

PRICE, J.

CHE, J.